MORGAN, LEWIS & BOCKIUS LLP
Brent A. Hawkins (SBN 314266)
brent.hawkins@morganlewis.com
600 Montgomery Street, Suite 2300
San Francisco, CA  94111-2725
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

Lisa R. Weddle (SBN 259050)
lisa.weddle@morganlewis.com
300 South Grand Ave.
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

*Attorneys for Plaintiff*
*WOBBLEWORKS, INC.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WOBBLEWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUANGZHOU JER EDUCATION TECHNOLOGY (d/b/a JER; GUANGZHOU JER; JER EDUCATION TECHNOLOGY CO, LTD.; GUANGZHOU ELECTRONICS COL., LTD) and MYFIRST USA INC.,<br><br>Defendants. | CASE NO.: 2:26-cv-01592<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

1

## COMPLAINT FOR PATENT INFRINGEMENT

2

This action is a civil action for patent infringement arising under the patent

3

laws of the United States, Title 35, United States Code ("U.S.C.") § 1 et seq.,

4

including 35 U.S.C. §§ 271 and 281–285. This Court has exclusive subject matter

5

jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

6

Plaintiff WobbleWorks, Inc. ("WobbleWorks") files this Complaint for Patent

7

Infringement against Guangzhou JER Education Technology (d/b/a JER; Guangzhou

8

JER; JER Education Technology Co., Ltd.; Guangzhou Electronics Co., Ltd.; and in

9

Chinese as "广州杰迩电子科技有限公司") ("Guangzhou JER") and MyFirst USA

10

Inc. ("MyFirst") (collectively, "Defendants") and of U.S. Patent Nos. 9,731,444 (Ex.

11

A), 10,792,850 (Ex. B), 11,446,852 (Ex. C), 11,766,819 (Ex. D), and 12,280,529 (Ex.

12

E) and alleges as follows:

13

## THE PARTIES

14

1.      WobbleWorks is a Delaware corporation with a principal place of

15

business at 1209 Orange Street, Wilmington, Delaware 19801.

16

2.      Guangzhou JER is a Chinese company with a principal place of business

17

at Room 301, 3/F, Building 2, 510530, Guangdong, China.

18

3.      MyFirst is a California corporation with a principal place of business at

19

168 North Mason Way #B1, City of Industry, California 91746.

20

## JURISDICTION AND VENUE

21

4.      This action is a civil action for patent infringement arising under the

22

patent laws of the United States, Title 35, United States Code ("U.S.C.") § 1 et seq.,

23

including 35 U.S.C. §§ 271 and 281–285. This Court has exclusive subject matter

24

jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

25

5.      This Court has personal jurisdiction over MyFirst at least because

26

MyFirst is incorporated in California and has its principal place of business located

27

within California and this District.

28

6.      This Court also has personal jurisdiction over MyFirst at least because

MyFirst has infringed WobbleWorks' patents in California and this District by, among other things, engaging in infringing conduct within and directed at/or from California and this District. For example, MyFirst has purposefully and voluntarily placed one or more of its infringing devices—3D printing pens—into the stream of commerce with the expectation that these infringing devices will be used within California and this District.  These infringing devices have been and continue to be used within California and this District.

7. Additionally, MyFirst operates the website (https://us.myfirst.tech/) via which it offers to sell and sells infringing 3D printing pens to customers in the United States, including in California and this District.

8. Venue in this District is proper as to MyFirst pursuant to 35 U.S.C. § 1400(b) at least because MyFirst is incorporated in California, has its principal place of business located within this District, and has committed infringing acts within this District.

9. This Court has personal jurisdiction over Guangzhou JER at least because Guangzhou JER has delivered its infringing devices—3D printing pens— into the stream of commerce with the expectation that they would be purchased by consumers in California and specifically within the Central District of California ("District"). For example, Guangzhou JER has contracted with MyFirst USA Inc. to manufacture infringing 3D printing pens for sale. Guangzhou JER knows and intends that these infringing 3D printing pens will be marketed and resold within California and within this District at least because MyFirst USA Inc.'s principal place of business is located within California and within this District.

10. This Court also has personal jurisdiction over Guangzhou JER at least because Guangzhou JER has committed infringing acts in California and this District by at least importing its infringing devices into the United States via California and this District. Ex. F. Exhibit F is a printout from a webpage (https://www.importgenius.com/suppliers/jer-education-technology-co-limite) of a

1    third-party website indicating that Guangzhou JER is imported its products via Los

2    Angeles, California. Copies of webpages from this website are attached as Exhibit F.

3        11.    Additionally, Guangzhou JER operates the website https://jer3d.com/.

4    Guangzhou JER has made available a page on that website (https://jer3d.com/3d-

5    printer-pen-education/) that claims it (1) has "successfully made 3D printing pen

6    classes available in tens of thousands of schools in South Korea, Hongkong [sic],

7    United States [sic]" and (2) "will make [its] 3D printing pen classes available in more

8    schools." A copy of this webpage is attached as Exhibit G. That web page also

9    contains a link to a contact page (https://jer3d.com/contact/) with a "sales" email

10   address, which facilitates Guangzhou JER' offers to sell and sales of infringing 3D

11   printing pens within the United States, including within California and this District.

12   A copy of this webpage is attached as Exhibit H.

13       12.    Venue in this District is proper as to Guangzhou JER pursuant to 28

14   U.S.C. § 1391(c)(3) at least because Guangzhou JER is a foreign company.

## ADDITIONAL FACTUAL ALLEGATIONS

### The Asserted Patents

17       13.    Plaintiff WobbleWorks is a pioneer in the development of three-

18   dimensional (3D) drawing devices that can be used within minutes, without needing

19   any technical knowledge, software, or computers. WobbleWorks was founded in

20   2010 to develop new toy and robotics concepts. In 2012 the company developed a

21   new product that allows children and adults to draw 3D artwork, literally allowing

22   the user to draw in the air. Its founders brought with them experience from film,

23   computer science, and robotics and were led by Maxwell Bogue, a former R&D

24   project manager and consumer robotics specialist, and Peter Dilworth, an alumnus of

25   the MIT's Leg Laboratory and the MIT Media Lab.

26       14.    On August 15, 2017, United States Patent No. 9,731,444 ("the '444

27   Patent") was duly and legally issued by the United States Patent and Trademark

28   Office. The '444 Patent is titled "Hand-Held Three-Dimensional Drawing Device."

1  A true and correct copy of the '444 Patent is attached hereto as Exhibit A and
2  incorporated herein by reference.

3      15.     On October 6, 2020, United States Patent No. 10,792,850 ("the '850
4  Patent") was duly and legally issued by the United States Patent and Trademark
5  Office. The '850 Patent is titled "Hand-Held Three-Dimensional Drawing Device."
6  A true and correct copy of the '850 Patent is attached hereto as Exhibit B and
7  incorporated herein by reference.

8      16.     On September 20, 2022, United States Patent No. 11,446,852 ("the '852
9  Patent") was duly and legally issued by the United States Patent and Trademark
10  Office. The '852 Patent is titled "Hand-Held Three-Dimensional Drawing Device."
11  A true and correct copy of the '852 Patent is attached hereto as Exhibit C and
12  incorporated herein by reference.

13      17.     On September 26, 2023, United States Patent No. 11,766,819 ("the '819
14  Patent") was duly and legally issued by the United States Patent and Trademark
15  Office. The '819 Patent is titled "Hand-Held Three-Dimensional Drawing Device."
16  A true and correct copy of the '819 Patent is attached hereto as Exhibit D and
17  incorporated herein by reference.

18      18.     On April 22, 2025, United States Patent No. 12,280,529 ("the '529
19  Patent") was duly and legally issued by the United States Patent and Trademark
20  Office. The '529 Patent is titled "Hand-Held Three-Dimensional Drawing Device."
21  A true and correct copy of the '529 Patent is attached hereto as Exhibit E and
22  incorporated herein by reference.

23      19.     WobbleWorks is the assignee of all right, title, and interest in the '444,
24  '850, '852, '819, and '529 Patents (collectively, the "Asserted Patents"), including
25  all rights to enforce and prosecute actions for infringement and to collect damages,
26  including past damages, for all relevant times against infringers of the Asserted
27  Patents. Accordingly, WobbleWorks possesses the exclusive right and standing to
28  prosecute the present action for infringement of the Asserted Patents by Guangzhou

1  JER and myFirst.

2  20.  The Asserted Patents are all part of the same patent family.

3  **WobbleWorks' Practicing Products**

4  21.  WobbleWorks offers to sell and sells within the United States 3D

5  printing pens that practice the Asserted Patents, including the exemplary claims that

6  WobbleWorks has identified as infringed by Defendants throughout this Complaint.

7  WobleWorks has and continues to mark its 3D printing pens that practice the

8  Asserted Patents, including the exemplary claims that WobbleWorks has identified

9  as infringed by Defendants throughout this Complaint. WobleWorks has done so by,

10  for example, notifying the public that its 3D printing pens are subject to

11  WobbleWork's patents in product manuals accompanied by an address to a page on

12  WobbleWork's website. Ex. I at 84. Ex. I (excerpt). Exhibit I is a portion of a manual

13  for one of WobbleWork's 3D printing pens. The page on WobbleWork's website

14  (https://wobbleworks.net/patents) associates WobbleWork's 3D printing pens with

15  the Asserted Patents. A copy of this webpage is attached as Exhibit J.

16  **Prior Proceedings Related to the Asserted Patents**

17  22.  The '444 Patent—which, again, is in the same patent family as all the

18  Asserted Patents—has had its validity challenged before the United States Patent

19  and Trademark Office's Patent Trial and Appeal Board. *See* Ex. K. The Patent Trial

20  and Appeal Board declined to institute a trial because the challenging party had

21  "failed to demonstrate a reasonable likelihood that it would prevail in showing that

22  at least one claim of the '444 patent is unpatentable. . . ." *Id.* at 19. A copy of the

23  Patent Trial and Appeal Board's decision declining to institute a trial is attached as

24  Exhibit K.

25  23.  Guangzhou JER was identified as a real party-in-interest in the

26  aforementioned challenge before the Patent Trial and Appeal Board. *See* Ex. L at 1.

27  A copy of the petition requesting that the Patent Trial and Appeal Board review the

28  validity of the '444 Patent is attached as Exhibit L.

1   24.    WobbleWorks has also previously asserted the '444 Patent against a

2   third-party competitor in this District. Ex. M. Attached as Exhibit M is a copy of the

3   Complaint that initiated that action. That third-party competitor identified

4   Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens

5   that were accused in that action. Ex. N. Attached as Exhibit N is a copy of the

6   Certification and Notice of Interested Parties filed by the third-party competitor in

7   that action.

8   25.    The patent family that includes all the Asserted Patents also includes

9   European Patent EP 2 928 672 B1 (the "EP '672 Patent"). The EP '672 Patent is

10  attached as Exhibit O.

11  26.    WobbleWorks has thus far obtained three preliminary injunctions in

12  Germany against parties infringing the EP '672 Patent:

13          a.      The Regional Court of Nuremberg-Fürth issued a preliminary

14                  injunction against MyFirst Asia Pte Ltd. on January 31, 2024, in

15                  Case No. 19 O 581/24. A copy of this preliminary injunction is

16                  attached as Exhibit P.

17          b.      The Regional Court of Nuremberg-Fürth issued a preliminary

18                  injunction against Guangzhou JER on January 27, 2026. A copy

19                  of this preliminary injunction in the German language is attached

20                  as Exhibit Q. A version of this preliminary injunction that was

21                  translated from German to English using a large-language model

22                  is attached as Exhibit R.

23          c.      The Munich Regional Court issued a preliminary injunction

24                  against guang zhou shu yu ke ji you xian gong si on January 27,

25                  2026. A copy of this preliminary injunction in the German

26                  language is attached as Exhibit S.

27  27.    On May 28, 2025, WobbleWorks informed MyFirst Asia PTE Ltd.. that

28  it was infringing the Asserted Patents. Ex. AA. WobbleWorks received no response.

COMPLAINT FOR PATENT
INFRINGEMENT; JURY TRIAL DEMAND          - 7 -          CASE NO.: 2:26-CV-01592

1    28.    In addition to manufacturing infringing products for MyFirst USA, Inc.,
2    Guangzhou JER also manufactures infringing products for MyFirst Asia Pte Ltd.
3    MyFirst USA, Inc. is in a corporate family with MyFirst Asia Pte. Ltd.

4    29.    Guangzhou JER, MyFirst Asia Pte Ltd., and MyFirst USA, Inc. are all
5    competitors of WobbleWorks.

6    30.    Guangzhou JER, MyFirst Asia Pte Ltd., and MyFirst USA, Inc. all offer
7    to sell and sell 3D printing pens that compete with 3D printing pens that
8    WobbleWorks offers to sell and sells. At least Guangzhou JER and MyFirst USA,
9    Inc. offer to sell and sell 3D printing pens in the United States that compete with 3D
10   printing pens that WobbleWorks offers to sell and sells in the United States.

11   **COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,731,444**

12   31.    WobbleWorks incorporates the above paragraphs by reference.

13   32.    Defendants have directly infringed the '444 Patent under 35 U.S.C.
14   § 271(a), including at least Claim 1, by making, using, offering for sale, and/or selling
15   within the United States and/or importing into the United States 3D printing pens.
16   Based on their apparent similarities, the infringing 3D pens have included and include
17   at least the following:

18              a.    As to Guangzhou JER (and to MyFirst, to the extent it commits
19                    any infringing acts as to these model numbers under the same or
20                    a different name, number, or other identification), at least model
21                    numbers: JER LP02, JERLP03, LP-05, JER LP06, JER LP08, Jer
22                    MP01 3, JER RP700C, Jer RP500A, Jer RP560A, JER RP580,
23                    JER RP600A, JER RP800A, JER RP860A, JER RP900A, and
24                    JER RP1000; and

25              b.    As to MyFirst (and to Guangzhou JER, to the extent it commits
26                    any infringing acts as to these model numbers under the same or
27                    a different name, number, or other identification), at least model
28                    names. 3dPen Artist and 3dPen Make.

1   33. WobbleWorks incorporates by reference Exhibit T, which provides non-

2   limiting examples demonstrating that these 3D printing pens infringe at least Claim

3   1 of the '444 Patent, literally and/or under the doctrine of equivalents.

4   34. Guangzhou JER knows, and has known, that its 3D printing pens

5   infringe the '444 Patent, including Claim 1. Guangzhou JER has known of this

6   infringement since approximately December 8, 2017 at least because (1) the '444

7   Patent was asserted against a third-party competitor on that date and (2) the third-

8   party competitor identified Guangzhou JER as the "supplier/manufacturer" of the

9   infringing 3D printing pens that were accused in that action.

10   35. Alternatively or additionally, Guangzhou JER has known of this

11   infringement since approximately July 19, 2018 at least because (1) the third-party

12   competitor challenged the validity of the '444 Patent on that date before the Patent

13   Trial and Appeal Board, and (2) the third-party competitor identified Guangzhou JER

14   as a real party-in-interest.

15   36. Alternatively or additionally, Guangzhou JER has known of this

16   infringement since approximately January 31, 2024 at least because (1) the '444

17   Patent is in the same family as the EP '672 Patent, (2) the Regional Court of

18   Nuremberg-Fürth issued a preliminary injunction against MyFirst Asia Pte Ltd. on

19   January 31, 2024, and (3) Guangzhou JER manufactures 3D printing pens for

20   MyFirst Asia Pte Ltd.

21   37. Alternatively or additionally, Guangzhou JER has known of this

22   infringement since approximately May 28, 2025 at least because (1) WobbleWorks

23   put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '444 Patent and

24   (2) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

25   38. Alternatively or additionally, Guangzhou JER has known of this

26   infringement since approximately January 27, 2026, at least because (1) the '444

27   Patent is in the same family as the EP '672 Patent and (2) the Regional Court of

28   Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that

date.

39.     Alternatively or additionally, Guangzhou JER has been willfully blind to this infringement since approximately the above dates.

40.     Guangzhou JER also has actively encouraged its customers to directly infringe the '444 Patent, including Claim 1. For example, Guangzhou JER has made tutorials available on the webpage https://jer3d.com/project_category/video-tutorial/. A reproduction of that webpage is attached as Exhibit U.

41.     The video tutorials provided on that webpage encourage Guangzhou JER's customers to use the 3D printing pens in ways that Guangzhou JER knows infringe the '444 Patent, including Claim 1.

42.     MyFirst knows, and has known, that its 3D printing pens infringe the '444 Patent, including Claim 1. Guangzhou JER has known of this infringement since approximately December 8, 2017 at least because (1) the '444 Patent was asserted against a third-party competitor on that date and (2) the third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens that were accused in that action, and (3) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

43.     Alternatively or additionally, MyFirst has known of this infringement since approximately July 19, 2018 at least because (1) the third-party competitor challenged the validity of the '444 Patent on that date before ethe Patent Trial and Appeal Board, (2) the third-party competitor identified Guangzhou JER as a real party-in-interest, and (3) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

44.     Alternatively or additionally, MyFirst has known of this infringement since approximately January 31, 2024 at least because (1) the '444 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and (3) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

45. Alternatively or additionally, MyFirst USA Inc. has known of this infringement since approximately May 28, 2025 at least because (1) WobbleWorks put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '444 Patent and (2) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

46. Alternatively or additionally, MyFirst has known of this infringement since approximately January 27, 2026, at least because (1) the '444 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that date, and (3) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

47. Alternatively or additionally, MyFirst has been willfully blind to this infringement since approximately the above dates.

48. MyFirst also has actively encouraged its customers to directly infringe the '444 Patent, including Claim 1. For example, MyFirst has made images available to potential customers and customers on its website including, for example, on the webpage the webpage https://us.myfirst.tech/products/3d-pen-for-kids-3d-printing-pen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgG-YXtIn4SrB_WfZzveUpcZIw3. A reproduction of that webpage is attached as Exhibit V.

49. The images provided on that website, including the example webpage, encourage MyFirst's customers to use the 3D printing pens in ways that MyFirst knows infringe the '444 Patent, including Claim 1.

50. Based on at least the foregoing, Defendants have induced infringement of the '444 Patent pursuant to 35 U.S.C. § 271(b), including at least Claim 1,

51. Based on the foregoing, WobbleWorks is entitled to damages under 35 U.S.C. § 254 from Defendants.

52. Based on the foregoing, Defendants have willfully infringed the '444 Patent, including at least Claim 1, entitling WobbleWorks to increased damages from Defendants pursuant to 35 U.S.C. § 254.

1  53.  Based on the foregoing, this is also an exceptional case, entitling
2  WobbleWorks to an award of its attorneys' fees from Defendants pursuant to 35
3  U.S.C. § 285.

4  54.  Defendants' infringing acts have directly harmed WobbleWorks, at least
5  because Defendants' infringing acts have negatively impacted the market for
6  WobbleWorks' own 3D printing pens within the United States, including those 3D
7  printing pens that practice the '444 Patent, including Claim 1.

8  55.  The harm directly suffered by WobbleWorks has a causal connection to
9  Defendants' infringing acts. For example, the features claimed by the '444 Patent,
10  including Claim 1, contribute significantly to consumer demand for 3D printing pens
11  within the United States, including those sold and offered for sale by Defendants.

12  56.  Defendants' infringing acts have caused and will continue to cause
13  WobbleWorks irreparable harm for which it has no adequate remedy at law, at least
14  because Guangzhou JER's infringing acts have caused lost sales and lost market
15  share within the U.S. market, with respect to WobbleWorks.

16  57.  WobbleWorks is not aware of any public interest that would be
17  disserved if the Court were to enjoin Defendants from continuing to engage in
18  infringing acts.

19  58.  Based on the foregoing, WobbleWorks is entitled to injunctive relief
20  that at least prohibits Defendants from continuing to infringe the '444 Patent.

21  **COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,792,850**

22  59.  WobbleWorks incorporates the above paragraphs by reference.

23  60.  Defendants have directly infringed the '850 Patent under 35 U.S.C.
24  § 271(a), including at least Claim 1, by making, using, offering for sale, and/or selling
25  within the United States and/or importing into the United States 3D printing pens.
26  Based on their apparent similarities, the infringing 3D pens have included and include
27  at least the following:

28  a.  As to Guangzhou JER (and to MyFirst, to the extent it commits

COMPLAINT FOR PATENT
INFRINGEMENT; JURY TRIAL DEMAND      - 12 -      CASE NO.: 2:26-CV-01592

any infringing acts as to these model numbers under the same or a different name, number, or other identification), at least model numbers: JER LP02, JERLP03, LP-05, JER LP06, JER LP08, Jer MP01 3, JER RP700C, Jer RP500A, Jer RP560A, JER RP580, JER RP600A, JER RP800A, JER RP860A, JER RP900A, and JER RP1000; and

b.   As to MyFirst (and to Guangzhou JER, to the extent it commits any infringing acts as to these model numbers under the same or a different name, number, or other identification), at least model names. 3dPen Artist and 3dPen Make.

61.   WobbleWorks incorporates by reference Exhibit W, which provides non-limiting examples demonstrating that these 3D printing pens infringe at least Claim 1 of the '850 Patent, literally and/or under the doctrine of equivalents.

62.   Guangzhou JER knows, and has known, that its 3D printing pens infringe the '850 Patent, including Claim 1. Guangzhou JER has known of this infringement since approximately October 6, 2020 (the date the '850 Patent issued) at least because (1) the '850 Patent is in the same family as the '444 Patent, (2) the '444 Patent was previously asserted against a third-party competitor on December 8, 2017, and (3) the third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens that were accused in that action.

63.   Alternatively or additionally, Guangzhou JER has known of this infringement since approximately October 6, 2020 (the date the '850 Patent issued) at least because (1) the '850 Patent is in the same family as the '444 Patent, (2) the third-party competitor had previously challenged the validity of the '444 Patent on July 19, 2018 before the Patent Trial and Appeal Board, and (3) the third-party competitor identified Guangzhou JER as a real party-in-interest.

64.   Alternatively or additionally, Guangzhou JER has known of this

infringement since approximately January 31, 2024 at least because (1) the '850 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and (3) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

65.    Alternatively or additionally, Guangzhou JER has known of this infringement since approximately May 28, 2025 at least because (1) WobbleWorks put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '850 Patent and (2) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

66.    Alternatively or additionally, Guangzhou JER has known of this infringement since approximately January 27, 2026, at least because (1) the '850 Patent is in the same family as the EP '672 Patent and (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that date.

67.    Alternatively or additionally, Guangzhou JER has been willfully blind to this infringement since approximately the above dates.

68.    Guangzhou JER also has actively encouraged its customers to directly infringe the '850 Patent, including Claim 1. For example, Guangzhou JER has made tutorials available on the webpage https://jer3d.com/project_category/video-tutorial/. A reproduction of that webpage is attached as Exhibit U.

69.    The video tutorials provided on that webpage encourage Guangzhou JER's customers to use the 3D printing pens in ways that Guangzhou JER knows infringe the '850 Patent, including Claim 1.

70.    MyFirst knows, and has known, that its 3D printing pens infringe the '850 Patent, including Claim 1. Guangzhou JER has known of this infringement since approximately October 6, 2020 (the date the '850 Patent issued) at least because (1) the '850 Patent is in the same family as the '444 Patent, (2) the '444 Patent was previously asserted against a third-party competitor on December 8, 2017, and (3) the

1
2
3

third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens that were accused in that action, and (4) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

4
5
6
7
8
9
10

71.　Alternatively or additionally, MyFirst has known of this infringement since approximately October 6, 2020 (the date the '850 Patent issued) at least because (1) the '850 Patent is in the same family as the '444 Patent, (2) the third-party competitor had previously challenged the validity of the '444 Patent on July 19, 2018 before the Patent Trial and Appeal Board, (3) the third-party competitor identified Guangzhou JER as a real party-in-interest, and (4) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

11
12
13
14
15

72.　Alternatively or additionally, MyFirst has known of this infringement since approximately January 31, 2024 at least because (1) the '850 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and (3) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

16
17
18
19

73.　Alternatively or additionally, MyFirst USA Inc. has known of this infringement since approximately May 28, 2025 at least because (1) WobbleWorks put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '850 Patent and (2) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

20
21
22
23
24

74.　Alternatively or additionally, MyFirst has known of this infringement since approximately January 27, 2026, at least because (1) the '850 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that date, and (3) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

25
26

75.　Alternatively or additionally, MyFirst has been willfully blind to this infringement since approximately the above dates.

27
28

76.　MyFirst also has actively encouraged its customers to directly infringe the '850 Patent, including Claim 1. For example, MyFirst has made images available

1   to potential customers and customers on its website including, for example, on the

2   webpage the webpage https://us.myfirst.tech/products/3d-pen-for-kids-3d-printing-

3   pen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgG-

4   YXtIn4SrB_WfZzveUpcZIw3. A reproduction of that webpage is attached as Exhibit

5   V.

6       77.   The images provided on that website, including the example webpage,

7   encourage MyFirst's customers to use the 3D printing pens in ways that MyFirst

8   knows infringe the '850 Patent, including Claim 1.

9       78.   Based on at least the foregoing, Defendants have induced infringement

10   of the '850 Patent pursuant to 35 U.S.C. § 271(b), including at least Claim 1,

11      79.   Based on the foregoing, WobbleWorks is entitled to damages under 35

12   U.S.C. § 254 from Defendants.

13      80.   Based on the foregoing, Defendants have willfully infringed the '850

14   Patent, including at least Claim 1, entitling WobbleWorks to increased damages from

15   Defendants pursuant to 35 U.S.C. § 254.

16      81.   Based on the foregoing, this is also an exceptional case, entitling

17   WobbleWorks to an award of its attorneys' fees from Defendants pursuant to 35

18   U.S.C. § 285.

19      82.   Defendants' infringing acts have directly harmed WobbleWorks, at least

20   because Defendants' infringing acts have negatively impacted the market for

21   WobbleWorks' own 3D printing pens within the United States, including those 3D

22   printing pens that practice the '850 Patent, including Claim 1.

23      83.   The harm directly suffered by WobbleWorks has a causal connection to

24   Defendants' infringing acts. For example, the features claimed by the '850 Patent,

25   including Claim 1, contribute significantly to consumer demand for 3D printing pens

26   within the United States, including those sold and offered for sale by Defendants.

27      84.   Defendants' infringing acts have caused and will continue to cause

28   WobbleWorks irreparable harm for which it has no adequate remedy at law, at least

1   because Guangzhou JER's infringing acts have caused lost sales and lost market
2   share within the U.S. market, with respect to WobbleWorks.

3       85.    WobbleWorks is not aware of any public interest that would be
4   disserved if the Court were to enjoin Defendants from continuing to engage in
5   infringing acts.

6       86.    Based on the foregoing, WobbleWorks is entitled to injunctive relief
7   that at least prohibits Defendants from continuing to infringe the '850 Patent.

8           **COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,446,852**

9       87.    WobbleWorks incorporates the above paragraphs by reference.

10      88.    Defendants have directly infringed the '852 Patent under 35 U.S.C.
11   § 271(a), including at least Claim 1, by making, using, offering for sale, and/or selling
12   within the United States and/or importing into the United States 3D printing pens.
13   Based on their apparent similarities, the infringing 3D pens have included and include
14   at least the following:

15          a.    As to Guangzhou JER (and to MyFirst, to the extent it commits
16                any infringing acts as to these model numbers under the same or
17                a different name, number, or other identification), at least model
18                numbers: JER LP02, JERLP03, LP-05, JER LP06, JER LP08, Jer
19                MP01 3, JER RP700C, Jer RP500A, Jer RP560A, JER RP580,
20                JER RP600A, JER RP800A, JER RP860A, JER RP900A, and
21                JER RP1000; and

22          b.    As to MyFirst (and to Guangzhou JER, to the extent it commits
23                any infringing acts as to these model numbers under the same or
24                a different name, number, or other identification), at least model
25                names. 3dPen Artist and 3dPen Make.

26      89.    WobbleWorks incorporates by reference Exhibit X, which provides
27   non-limiting examples demonstrating that these 3D printing pens infringe at least
28   Claim 1 of the '852 Patent, literally and/or under the doctrine of equivalents.

90.     Guangzhou JER knows, and has known, that its 3D printing pens infringe the '852 Patent, including Claim 1. Guangzhou JER has known of this infringement since approximately September 20, 2022 (the date the '852 Patent issued) at least because (1) the '852 Patent is in the same family as the '444 Patent, (2) the '444 Patent was previously asserted against a third-party competitor on December 8, 2017, and (3) the third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens that were accused in that action.

91.     Alternatively or additionally, Guangzhou JER has known of this infringement since approximately September 20, 2022 (the date the '852 Patent issued) at least because (1) the '852 Patent is in the same family as the '444 Patent, (2) the third-party competitor had previously challenged the validity of the '444 Patent on July 19, 2018 before the Patent Trial and Appeal Board, and (3) the third-party competitor identified Guangzhou JER as a real party-in-interest.

92.     Alternatively or additionally, Guangzhou JER has known of this infringement since approximately January 31, 2024 at least because (1) the '852 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and (3) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

93.     Alternatively or additionally, Guangzhou JER has known of this infringement since approximately May 28, 2025 at least because (1) WobbleWorks put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '852 Patent and (2) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

94.     Alternatively or additionally, Guangzhou JER has known of this infringement since approximately January 27, 2026, at least because (1) the '852 Patent is in the same family as the EP '672 Patent and (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that

date.

95.     Alternatively or additionally, Guangzhou JER has been willfully blind to this infringement since approximately the above dates.

96.     Guangzhou JER also has actively encouraged its customers to directly infringe the '852 Patent, including Claim 1. For example, Guangzhou JER has made tutorials available on the webpage https://jer3d.com/project_category/video-tutorial/. A reproduction of that webpage is attached as Exhibit U.

97.     The video tutorials provided on that webpage encourage Guangzhou JER's customers to use the 3D printing pens in ways that Guangzhou JER knows infringe the '852 Patent, including Claim 1.

98.     MyFirst knows, and has known, that its 3D printing pens infringe the '852 Patent, including Claim 1. Guangzhou JER has known of this infringement since approximately September 20, 2022 (the date the '852 Patent issued) at least because (1) the '852 Patent is in the same family as the '444 Patent, (2) the '444 Patent was previously asserted against a third-party competitor on December 8, 2017, and (3) the third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens that were accused in that action, and (4) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

99.     Alternatively or additionally, MyFirst has known of this infringement since approximately September 20, 2022 (the date the '852 Patent issued) at least because (1) the '852 Patent is in the same family as the '444 Patent, (2) the third-party competitor had previously challenged the validity of the '444 Patent on July 19, 2018 before the Patent Trial and Appeal Board, (3) the third-party competitor identified Guangzhou JER as a real party-in-interest, and (4) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

100.    Alternatively or additionally, MyFirst has known of this infringement since approximately January 31, 2024 at least because (1) the '852 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued

1    a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and

2    (3) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

3    101.   Alternatively or additionally, MyFirst USA Inc. has known of this

4    infringement since approximately May 28, 2025 at least because (1) WobbleWorks

5    put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '852 Patent and

6    (2) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

7    102.   Alternatively or additionally, MyFirst has known of this infringement

8    since approximately January 27, 2026, at least because (1) the '852 Patent is in the

9    same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued

10    a preliminary injunction against Guangzhou JER on that date, and (3) Guangzhou

11    JER supplies infringing 3D printing pens to MyFirst.

12    103.   Alternatively or additionally, MyFirst has been willfully blind to this

13    infringement since approximately the above dates.

14    104.   MyFirst also has actively encouraged its customers to directly infringe

15    the '852 Patent, including Claim 1. For example, MyFirst has made images available

16    to potential customers and customers on its website including, for example, on the

17    webpage the webpage https://us.myfirst.tech/products/3d-pen-for-kids-3d-printing-

18    pen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgG-

19    YXtIn4SrB_WfZzveUpcZIw3. A reproduction of that webpage is attached as Exhibit

20    V.

21    105.   The images provided on that website, including the example webpage,

22    encourage MyFirst's customers to use the 3D printing pens in ways that MyFirst

23    knows infringe the '852 Patent, including Claim 1.

24    106.   Based on at least the foregoing, Defendants have induced infringement

25    of the '852 Patent pursuant to 35 U.S.C. § 271(b), including at least Claim 1,

26    107.   Based on the foregoing, WobbleWorks is entitled to damages under 35

27    U.S.C. § 254 from Defendants.

28    108.   Based on the foregoing, Defendants have willfully infringed the '852

1   Patent, including at least Claim 1, entitling WobbleWorks to increased damages from

2   Defendants pursuant to 35 U.S.C. § 254.

3   109.   Based on the foregoing, this is also an exceptional case, entitling

4   WobbleWorks to an award of its attorneys' fees from Defendants pursuant to 35

5   U.S.C. § 285.

6   110.   Defendants' infringing acts have directly harmed WobbleWorks, at least

7   because Defendants' infringing acts have negatively impacted the market for

8   WobbleWorks' own 3D printing pens within the United States, including those 3D

9   printing pens that practice the '852 Patent, including Claim 1.

10   111.   The harm directly suffered by WobbleWorks has a causal connection to

11   Defendants' infringing acts. For example, the features claimed by the '852 Patent,

12   including Claim 1, contribute significantly to consumer demand for 3D printing pens

13   within the United States, including those sold and offered for sale by Defendants.

14   112.   Defendants' infringing acts have caused and will continue to cause

15   WobbleWorks irreparable harm for which it has no adequate remedy at law, at least

16   because Guangzhou JER's infringing acts have caused lost sales and lost market

17   share within the U.S. market, with respect to WobbleWorks.

18   113.   WobbleWorks is not aware of any public interest that would be

19   disserved if the Court were to enjoin Defendants from continuing to engage in

20   infringing acts.

21   114.   Based on the foregoing, WobbleWorks is entitled to injunctive relief

22   that at least prohibits Defendants from continuing to infringe the '852 Patent.

23   **COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,766,819**

24   115.   WobbleWorks incorporates the above paragraphs by reference.

25   116.   Defendants have directly infringed the '819 Patent under 35 U.S.C.

26   § 271(a), including at least Claim 1, by making, using, offering for sale, and/or selling

27   within the United States and/or importing into the United States 3D printing pens.

28   Based on their apparent similarities, the infringing 3D pens have included and include

1    at least the following:

2          a.    As to Guangzhou JER (and to MyFirst, to the extent it commits
3                any infringing acts as to these model numbers under the same or
4                a different name, number, or other identification), at least model
5                numbers: JER LP02, JERLP03, LP-05, JER LP06, JER LP08, Jer
6                MP01 3, JER RP700C, Jer RP500A, Jer RP560A, JER RP580,
7                JER RP600A, JER RP800A, JER RP860A, JER RP900A, and
8                JER RP1000; and

9          b.    As to MyFirst (and to Guangzhou JER, to the extent it commits
10                any infringing acts as to these model numbers under the same or
11                a different name, number, or other identification), at least model
12                names. 3dPen Artist and 3dPen Make.

13          117.   WobbleWorks incorporates by reference Exhibit Y, which provides
14    non-limiting examples demonstrating why these 3D printing pens infringe at least
15    Claim 1 of the '819 Patent, literally and/or under the doctrine of equivalents.

16          118.   Guangzhou JER knows, and has known, that its 3D printing pens
17    infringe the '819 Patent, including Claim 1. Guangzhou JER has known of this
18    infringement since approximately September 26, 2023 (the date the '819 Patent
19    issued) at least because (1) the '819 Patent is in the same family as the '444 Patent,
20    (2) the '444 Patent was previously asserted against a third-party competitor on
21    December 8, 2017, and (3) the third-party competitor identified Guangzhou JER as
22    the "supplier/manufacturer" of the infringing 3D printing pens that were accused in
23    that action.

24          119.   Alternatively or additionally, Guangzhou JER has known of this
25    infringement since approximately September 26, 2023 (the date the '819 Patent
26    issued) at least because (1) the '819 Patent is in the same family as the '444 Patent,
27    (2) the third-party competitor challenged the validity of the '444 Patent on that date
28    before the Patent Trial and Appeal Board, and (3) the third-party competitor

identified Guangzhou JER as a real party-in-interest.

120. Alternatively or additionally, Guangzhou JER has known of this infringement since approximately January 31, 2024 at least because (1) the '819 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and (3) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

121. Alternatively or additionally, Alternatively or additionally, Guangzhou JER has known of this infringement since approximately May 28, 2025 at least because (1) WobbleWorks put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '819 Patent and (2) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

122. Alternatively or additionally, Guangzhou JER has known of this infringement since approximately January 27, 2026, at least because (1) the '819 Patent is in the same family as the EP '672 Patent and (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that date.

123. Alternatively or additionally, Guangzhou JER has been willfully blind to this infringement since approximately the above dates.

124. Guangzhou JER also has actively encouraged its customers to directly infringe the '819 Patent, including Claim 1. For example, Guangzhou JER has made tutorials available on the webpage https://jer3d.com/project_category/video-tutorial/. A reproduction of that webpage is attached as Exhibit U.

125. The video tutorials provided on that webpage encourage Guangzhou JER's customers to use the 3D printing pens in ways that Guangzhou JER knows infringe the '819 Patent, including Claim 1.

126. MyFirst knows, and has known, that its 3D printing pens infringe the '819 Patent, including Claim 1. Guangzhou JER has known of this infringement since

1    approximately September 26, 2023 (the date the '819 Patent issued) at least because

2    (1) the '819 Patent is in the same family as the '444 Patent, (2) the '444 Patent was

3    previously asserted against a third-party competitor on December 8, 2017, and (3) the

4    third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of

5    the infringing 3D printing pens that were accused in that action, and (4) Guangzhou

6    JER supplies infringing 3D printing pens to MyFirst.

7    127.   Alternatively or additionally, MyFirst has known of this infringement

8    since approximately September 26, 2023 (the date the '819 Patent issued) at least

9    because (1) the '819 Patent is in the same family as the '444 Patent, (2) the third-

10   party competitor had previously challenged the validity of the '444 Patent on July

11   19, 2018 before the Patent Trial and Appeal Board, (3) the third-party competitor

12   identified Guangzhou JER as a real party-in-interest, and (4) Guangzhou JER

13   supplies infringing 3D printing pens to MyFirst.

14   128.   Alternatively or additionally, MyFirst has known of this infringement

15   since approximately January 31, 2024 at least because (1) the '819 Patent is in the

16   same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued

17   a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and

18   (3) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

19   129.   Alternatively or additionally, MyFirst USA Inc. has known of this

20   infringement since approximately May 28, 2025 at least because (1) WobbleWorks

21   put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '819 Patent and

22   (2) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

23   130.   Alternatively or additionally, MyFirst has known of this infringement

24   since approximately January 27, 2026, at least because (1) the '819 Patent is in the

25   same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued

26   a preliminary injunction against Guangzhou JER on that date, and (3) Guangzhou

27   JER supplies infringing 3D printing pens to MyFirst.

28   131.   Alternatively or additionally, MyFirst has been willfully blind to this

1 infringement since approximately the above dates.

2 132. MyFirst also has actively encouraged its customers to directly infringe
3 the '819 Patent, including Claim 1. For example, MyFirst has made images available
4 to potential customers and customers on its website including, for example, on the
5 webpage the webpage https://us.myfirst.tech/products/3d-pen-for-kids-3d-printing-
6 pen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgG-
7 YXtIn4SrB_WfZzveUpcZIw3. A reproduction of that webpage is attached as Exhibit
8 V.

9 133. The images provided on that website, including the example webpage,
10 encourage MyFirst's customers to use the 3D printing pens in ways that MyFirst
11 knows infringe the '819 Patent, including Claim 1.

12 134. Based on at least the foregoing, Defendants have induced infringement
13 of the '819 Patent pursuant to 35 U.S.C. § 271(b), including at least Claim 1,

14 135. Based on the foregoing, WobbleWorks is entitled to damages under 35
15 U.S.C. § 254 from Defendants.

16 136. Based on the foregoing, Defendants have willfully infringed the '819
17 Patent, including at least Claim 1, entitling WobbleWorks to increased damages from
18 Defendants pursuant to 35 U.S.C. § 254.

19 137. Based on the foregoing, this is also an exceptional case, entitling
20 WobbleWorks to an award of its attorneys' fees from Defendants under 35 U.S.C.
21 § 285.

22 138. Defendants' infringing acts have directly harmed WobbleWorks, at least
23 because Defendants' infringing acts have negatively impacted the market for
24 WobbleWorks' own 3D printing pens within the United States, including those 3D
25 printing pens that practice the '819 Patent, including Claim 1.

26 139. The harm directly suffered by WobbleWorks has a causal connection to
27 Defendants' infringing acts. For example, the features claimed by the '819 Patent,
28 including Claim 1, contribute significantly to consumer demand for 3D printing pens

1   within the United States, including those sold and offered for sale by Defendants.

2       140.    Defendants' infringing acts have caused and will continue to cause

3   WobbleWorks irreparable harm for which it has no adequate remedy at law, at least

4   because Guangzhou JER's infringing acts have caused lost sales and lost market

5   share within the U.S. market, with respect to WobbleWorks.

6       141.    WobbleWorks is not aware of any public interest that would be

7   disserved if the Court were to enjoin Defendants from continuing to engage in

8   infringing acts.

9       142.    Based on the foregoing, WobbleWorks is entitled to injunctive relief

10  that at least prohibits Defendants from continuing to infringe the '819 Patent.

11       **COUNT V: INFRINGEMENT OF U.S. PATENT NO. 12,280,529**

12       143.    WobbleWorks incorporates the above paragraphs by reference.

13       144.    Defendants have directly infringed the '529 Patent under 35 U.S.C.

14  § 271(a), including at least Claim 1, by making, using, offering for sale, and/or selling

15  within the United States and/or importing into the United States 3D printing pens.

16  Based on their apparent similarities, the infringing 3D pens have included and include

17  at least the following:

18       a.    As to Guangzhou JER (and to MyFirst, to the extent it commits

19             any infringing acts as to these model numbers under the same or

20             a different name, number, or other identification), at least model

21             numbers: JER LP02, JERLP03, LP-05, JER LP06, JER LP08, Jer

22             MP01 3, JER RP700C, Jer RP500A, Jer RP560A, JER RP580,

23             JER RP600A, JER RP800A, JER RP860A, JER RP900A, and

24             JER RP1000; and

25       b.    As to MyFirst (and to Guangzhou JER, to the extent it commits

26             any infringing acts as to these model numbers under the same or

27             a different name, number, or other identification), at least model

28             names. 3dPen Artist and 3dPen Make.

145. WobbleWorks incorporates by reference Exhibit Z, which provides non-limiting examples demonstrating why these 3D printing pens infringe at least Claim 1 of the '529 Patent, literally and/or under the doctrine of equivalents.

146. Guangzhou JER knows, and has known, that its 3D printing pens infringe the '529 Patent, including Claim 1. Guangzhou JER has known of this infringement since approximately April 22, 2025 (the date the '529 Patent issued) at least because (1) the 529 Patent is in the same family as the '444 Patent, (2) the '444 Patent was previously asserted against a third-party competitor on December 8, 2017, and (3) the third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens that were accused in that action.

147. Alternatively or additionally, Guangzhou JER has known of this infringement since approximately April 22, 2025 (the date the '529 Patent issued) at least because (1) the '529 Patent is in the same family as the '444 Patent, (2) the third-party competitor challenged the validity of the '444 Patent on that date before the Patent Trial and Appeal Board, and (3) the third-party competitor identified Guangzhou JER as a real party-in-interest.

148. Alternatively or additionally, Guangzhou JER has known of this infringement since April 22, 2025 (the date the '529 Patent issued) at least because (1) the '529 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth had previously issued a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and (3) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

149. Alternatively or additionally, Guangzhou JER has known of this infringement since approximately May 28, 2025 at least because (1) WobbleWorks put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '529 Patent and (2) Guangzhou JER manufactures 3D printing pens for MyFirst Asia Pte Ltd.

150. Alternatively or additionally, Guangzhou JER has known of this

infringement since approximately January 27, 2026, at least because (1) the '529 Patent is in the same family as the EP '672 Patent and (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that date.

151. Alternatively or additionally, Guangzhou JER has been willfully blind to this infringement since approximately the above dates.

152. Guangzhou JER also has actively encouraged its customers to directly infringe the '529 Patent, including Claim 1. For example, Guangzhou JER has made tutorials available on the webpage https://jer3d.com/project_category/video-tutorial/. A reproduction of that webpage is attached as Exhibit U.

153. The video tutorials provided on that webpage encourage Guangzhou JER's customers to use the 3D printing pens in ways that Guangzhou JER knows infringe the '529 Patent, including Claim 1.

154. MyFirst knows, and has known, that its 3D printing pens infringe the '529 Patent, including Claim 1. Guangzhou JER has known of this infringement since approximately April 22, 2025 (the date the '529 Patent issued) at least because (1) the '529 Patent is in the same family as the '444 Patent, (2) the '444 Patent was previously asserted against a third-party competitor on December 8, 2017, and (3) the third-party competitor identified Guangzhou JER as the "supplier/manufacturer" of the infringing 3D printing pens that were accused in that action, and (4) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

155. Alternatively or additionally, MyFirst has known of this infringement since approximately April 22, 2025 (the date the '529 Patent issued) at least because (1) the '529 Patent is in the same family as the '444 Patent, (2) the third-party competitor had previously challenged the validity of the '444 Patent on July 19, 2018 before the Patent Trial and Appeal Board, (3) the third-party competitor identified Guangzhou JER as a real party-in-interest, and (4) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

156.   Alternatively or additionally, MyFirst has known of this infringement since approximately April 22, 2025 (the date the '529 Patent issued) at least because (1) the '529 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth had previously issued a preliminary injunction against MyFirst Asia Pte Ltd. on January 31, 2024, and (3) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

157.   Alternatively or additionally, MyFirst USA Inc. has known of this infringement since approximately May 28, 2025 at least because (1) WobbleWorks put MyFirst Asia Pte Ltd. on notice on this date that it infringed the '529 Patent and (2) MyFirst USA Inc. is in the same corporate family as MyFirst Asia Pte Ltd.

158.   Alternatively or additionally, MyFirst has known of this infringement since approximately January 27, 2026, at least because (1) the '529 Patent is in the same family as the EP '672 Patent, (2) the Regional Court of Nuremberg-Fürth issued a preliminary injunction against Guangzhou JER on that date, and (3) Guangzhou JER supplies infringing 3D printing pens to MyFirst.

159.   Alternatively or additionally, MyFirst has been willfully blind to this infringement since approximately the above dates.

160.   MyFirst also has actively encouraged its customers to directly infringe the '529 Patent, including Claim 1. For example, MyFirst has made images available to potential customers and customers on its website including, for example, on the webpage the webpage https://us.myfirst.tech/products/3d-pen-for-kids-3d-printing-pen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgG-YXtIn4SrB_WfZzveUpcZIw3. A reproduction of that webpage is attached as Exhibit V.

161.   The images provided on that website, including the example webpage, encourage MyFirst's customers to use the 3D printing pens in ways that MyFirst knows infringe the '529 Patent, including Claim 1.

162.   Based on at least the foregoing, Defendants have induced infringement

1    of the '529 Patent under 35 U.S.C. § 271(b), including at least Claim 1,

2        163.   Based on the foregoing, WobbleWorks is entitled to damages pursuant

3    to 35 U.S.C. § 254 from Defendants.

4        164.   Based on the foregoing, Defendants have willfully infringed the '529

5    Patent, including at least Claim 1, entitling WobbleWorks to increased damages from

6    Defendants pursuant to 35 U.S.C. § 254.

7        165.   Based on the foregoing, this is also an exceptional case, entitling

8    WobbleWorks to an award of its attorneys' fees from Defendants pursuant to 35

9    U.S.C. § 285.

10        166.   Defendants' infringing acts have directly harmed WobbleWorks, at least

11    because Defendants' infringing acts have negatively impacted the market for

12    WobbleWorks' own 3D printing pens within the United States, including those 3D

13    printing pens that practice the '529 Patent, including Claim 1.

14        167.   The harm directly suffered by WobbleWorks has a causal connection to

15    Defendants' infringing acts. For example, the features claimed by the '529 Patent,

16    including Claim 1, contribute significantly to consumer demand for 3D printing pens

17    within the United States, including those sold and offered for sale by Defendants.

18        168.   Defendants' infringing acts have caused and will continue to cause

19    WobbleWorks irreparable harm for which it has no adequate remedy at law, at least

20    because Guangzhou JER's infringing acts have caused lost sales and lost market

21    share within the U.S. market, with respect to WobbleWorks.

22        169.   WobbleWorks is not aware of any public interest that would be

23    disserved if the Court were to enjoin Defendants from continuing to engage in

24    infringing acts.

25        170.   Based on the foregoing, WobbleWorks is entitled to injunctive relief

26    that at least prohibits Defendants from continuing to infringe the '529 Patent.

27                    **PRAYER FOR RELIEF**

28        In view of the foregoing, WobbleWorks respectfully requests that the Court

find in its favor against Defendants and award WobbleWorks at least the following relief:

a. Judgment that Defendants have directly infringed one or more claims of the '444, '850, '852, '819, and '529 Patents pursuant to 35 U.S.C. § 271(a);

b. Judgment that Defendants have induced infringement of one or more claims of the '444, '850, '852, '819, and '529 Patents pursuant to 35 U.S.C. § 271(b);

c. Judgment for WobbleWorks and against Defendants that this case is exceptional;

d. Judgment that Defendants have willfully infringed one or more claims of the '444, '850, '852, '819, and '529 Patents;

e. An award of damages to WobbleWorks against Defendants pursuant to 35 U.S.C. § 254, including pre- and post-judgment interest and enhanced damages for Defendants' willful infringement;

f. An award of costs to WobbleWorks against Defendants pursuant to 28 U.S.C. § 1927;

g. An award of attorneys' fees to WobbleWorks against Defendants pursuant to 35 U.S.C. § 285;

h. Injunctive relief to WobbleWorks in the form of a preliminary and permanent injunction that, at a minimum, prohibits Defendants and any person or entity acting in concert with Defendants from any and all acts of infringement of the '444, '850, '852, '819, and '529 Patents, including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any 3D printing pen practicing, embodying, and/or otherwise incorporating any of the '444, '850, '852, '819, and '529 Patents, or any substantially similar 3D printing pen sold, advertised, marketed or promoted in the United States;

1    and

2   i.  Any other and further relief that the Court deems just and proper under

3     the circumstances.

4           **JURY DEMAND**

5    Pursuant to Federal Rule of Civil Procedure 38, WobbleWorks demands a jury

6 trial on any issue triable of right by a jury.

7

8 Dated: February 16, 2026    Respectfully submitted,

9          MORGAN, LEWIS & BOCKIUS LLP

10

11        By: */s/ Lisa R. Weddle*
            Lisa R. Weddle
            Brent A. Hawkins

12

13        *Attorneys for Plaintiff WobbleWorks, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28