Jennifer Towle (SBN 225095)
**DICKINSON WRIGHT PLLC**
607 W. 3rd Street, Suite 2500
Austin, TX 78701
Tel: (512) 770-4200
JTowle@dickinson-wright.com

Lael D. Andara (SBN 215416)
**DICKINSON WRIGHT RLLP**
615 National Avenue, Suite 220
Mountain View CA 94043
Tel: (408) 701-6152
LAndara@dickinson-wright.com

*Attorneys for Defendant*
MYFIRST USA INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

(Western Division – Los Angeles)

| | |
|---|---|
| WOBBLEWORKS, INC.,<br><br>PLAINTIFF,<br><br>v.<br><br>GUANGZHOU JER EDUCATION TECHNOLOGY (d/b/a JER; GUANGZHOU JER; JER EDUCATION TECHNOLOGY CO, LTD.; GUANGZHOU ELECTRONICS CO., LTD) and MYFIRST USA INC.,<br><br>DEFENDANTS. | Case No. 26-CV-01592-MEMF (PVC)<br><br>**DEFENDANT MYFIRST USA INC.'S OPPOSITION TO PLAINTIFF WOBBLEWORK'S "MOTION FOR A PRELIMINARY INJUNCTION" (DKT. NO. 18)**<br><br>Fed. R. Civ. P. 65<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Hearing Date: April 16, 2026<br>Time: 10:00 a.m.<br>Crtrm: No. 8B, 8th Floor<br><br>Trial Date: None Set |

**DEFENDANT MYFIRST USA INC.,** hereby respectfully submits its Opposition to Plaintiff WOBBLEWORKS, INC.'s Motion for Preliminary Injunction and the supporting Declarations of Dr. Tim Osswald, and the Chief Executive Officer (CEO) of Defendant, myFirst USA Inc., Yong Guan Jer.

**TABLE OF CONTENTS**


I. INTRODUCTION .....5

II. A BOND IS REQUIRED.....5

III. FACTUAL BACKGROUND.....6

IV. LEGAL STANDARD.....6

V. ARGUMENT.....7

A. WobbleWorks Failed to Show Imminent, Irreparable Harm..... 7

1. WobbleWorks' Unexplained Eight-Year Delay Negates Irreparable Harm..... 7

2. WobbleWorks' Alleges Purely Compensable Economic Damages ..... 8

3. WobbleWorks offers Only Conclusory of Reputational Harm..... 8

B. WobbleWorks Is Not Likely to Succeed on the Merits ..... 9

*1. myFirst Raises a Substantial Question of Invalidity* ..... 10

*2. myFirst Raises a Substantial Question of Non-Infringement* ..... 11

*3. WobbleWorks' Expert Lack the Requisite Substantive Foundation* ..... 11

*4. Foreign Injunctions Are Not Determinative of U.S. Likelihood of Success.* ..... 12

*5. EU Decision of December 2025.* ..... 13

C. The Balance of Equities and Public Interest Favors myFirst..... 14

VI. CONCLUSION.....15

VII. PRAYER.....15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343 (Fed. Cir. 2001)....13

*American Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470 (9th Cir. 1985) ....6

*Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370 (Fed. Cir. 2012)....9

*Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572 (Fed. Cir. 1990)....6

*BlephEx, LLC v. Myco Indus.*, 24 F.4th 1391 (Fed. Cir. 2022) ....6

*Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668 (9th Cir. 1988) ....9

*Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340 (Fed. Cir. 2007)....13

*Hoist Fitness Sytems, Inc. v. Tuffstuff Fitness Int'l, Inc*., No. EDCV1701388ABKKX, 2017 WL 5640562 (C.D. Cal. Oct. 31, 2017)....8

*Hybritech Inc. v. Abbott Laboratories*, 849 F.2d 1446 (1988)....12

*Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039 (9th Cir. 2015) ....8, 9

*Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009) ....5

*Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377 (Fed. Cir. 2022) ....9

*Medtronic, Inc. v. Catalyst Research Corp*., 518 F.Supp. 946 (1981) ....12

*Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872 (9th Cir. 2012) ....13

*Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552 (Fed. Cir. 1994)....7

*Sport Dimension, Inc. v. Coleman Co., Inc.*, No. CV1400438BROMRWX, 2015 WL 12732710 (C.D. Cal. Jan. 29, 2015), aff'd, 820 F.3d 1316 (Fed. Cir. 2016)....11

*Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339 (Fed. Cir. 2020)....9

*Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190 (Fed. Cir. 2017)....12

*Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372 (Fed. Cir. 2009)....9

*Treb-ro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159 (Fed. Cir. 2014)....9

*Winter v. NRDC, Inc.*, 555 U.S. 7 (2008).... *passim*

*ZapIp LLC v. FlyDive Inc.*, No. SACV1601607CJCJCGX, 2017 WL 8292394 (C.D. Cal. Oct. 19, 2017)....7

**Court Rules**

Federal Rule of Civil Procedure 65(c)....5

# I. INTRODUCTION

Plaintiff WobbleWorks, Inc. ("WobbleWorks") asks this Court for the extraordinary remedy of a preliminary injunction based on alleged patent infringement. Despite WobbleWorks' claim of impending emergency, its own co-founder admits under oath that WobbleWorks has known of myFirst's corporate family's activities in the 3D printing pen market since 2019. Under the *Winter* factors: the ***Irreparable Harm*** factor is decidedly in favor of Defendant as WobbleWorks' extreme delay eviscerates any claim of urgency *and* the alleged harms are purely economic; the ***Likely Success on the Merits*** also favors Defendant as the Asserted Patents are highly vulnerable to invalidity challenges such as the "Harris" and "Swanson" prior art references and WobbleWorks' has a weak infringement case where the accused products extrude molten plastic rather than a solid capable of retaining its shape in free space; the ***Balance of Equities*** tips sharply to defendant as it is deeply inequitable to allow a patentee to sit on its rights for seven to eight years, and stand by and wait for a competitor to build a business only to suddenly use an emergency injunction as a tactical weapon with the threat of destroying that business and plunge them into equally devastating litigation cost; and finally the ***Public Interest*** factor does not favor WobbleWorks as the public is better served by keeping a competitive market intact and preserving consumer access to high-quality, affordable alternative product over granting an unsupported monopoly based on highly vulnerable patents.

# II. A BOND IS REQUIRED

A Preliminary injunction would circumvent the adjudication of alleged harms and the determination of appropriate remedies. The Preliminary injunction requests findings that would prejudice and irreparably harm the Defendants and stifle competition by shutting off opportunities for the development, sale, and use by U.S. consumers. Under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" Fed. R. Civ. P. 65 (c). "Despite the seemingly mandatory language, Rule 65 (c) invests the district court with

discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

The probable financial harm to the Defendants would result in their withdrawal from the U.S. market. Defendants request a $4,000,000.00 USD bond for loss of profits and business disruption. *See Decl. Yong* Guan Jer, infra.

## III. <u>FACTUAL BACKGROUND</u>

myFirst sells affordable, high-quality 3D printing pens to consumers, including the 3d Pen Artist and 3d Pen Make models. WobbleWorks filed this suit alleging that these products infringe five patents: U.S. Patent Nos. 9,731,444; 10,792,850; 11,446,852; 11,766,819; and 12,280,529 (the "Asserted Patents").

However, WobbleWorks has tracked myFirst and its supplier, Guangzhou JER, for seven to eight years without filing suit in the United States. Only recently, after myFirst successfully secured retail placement at major U.S. storefronts, did WobbleWorks file this action, leveraging this Court to sidestep fair market competition.

## IV. <u>LEGAL STANDARD</u>

A preliminary injunction is an "extraordinary remedy." *Winter v. NRDC, Inc.,* 555 U.S. 7, 22 (2008). Under *Winter*, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Courts may only enter a preliminary injunction upon a clear showing of evidence that supports each relevant preliminary injunction factor. *Winter*, 555 U.S. at 22. The burden is always on the movant to show that it is likely to succeed on the merits. *BlephEx, LLC v. Myco Indus.,* 24 F.4th 1391, 1398 (Fed. Cir. 2022). The moving party must show more than the possibility of irreparable injury; he must demonstrate that irreparable injury is "likely" and "imminent" in the absence of preliminary relief. *Winter*, 555 U.S. at 22. Conclusory affidavits are insufficient to demonstrate irreparable harm. *American Passage Media Corp. v. Cass Commc'ns, Inc.,* 750 F.2d 1470, 1473 (9th Cir. 1985); see also *Atari Games Corp. v. Nintendo of Am., Inc.,* 897 F.2d 1572,

1575 (Fed. Cir. 1990) (courts "should be wary of issuing an injunction based solely upon allegations and conclusory affidavits.").

**V. <u>ARGUMENT</u>**

**A. <u>WobbleWorks Failed to Show Imminent, Irreparable Harm</u>**

A district court may deny a preliminary injunction after considering only one factor—whether the patentee is likely to suffer irreparable harm. *Reebok Int'l Ltd. v. J. Baker, Inc.,* 32 F.3d 1552, 1557 (Fed. Cir. 1994). If the district court chooses to analyze only the likelihood of irreparable harm and declines to make findings on the other factors, "the court must give the movant the benefit of the presumption [of irreparable harm]." *Id*. In such a case, if "the non-moving party has presented evidence sufficient to rebut the presumption," the movant is not entitled to a preliminary injunction. As discussed below, any presumption of irreparable harm is rebutted for three independent reasons.

**1.** WobbleWorks' Unexplained Eight-Year Delay Negates Irreparable Harm

WobbleWorks' co-founder, Maxwell Bogue, admits under oath that WobbleWorks first appreciated the extent of Guangzhou JER's activity in the United States in 2017 or 2018. See Decl. Bogue ¶ 15. Despite this knowledge, WobbleWorks deliberately chose not to sue Guangzhou JER for eight years and myFirst USA for seven years because it "did not see a business-justifiable reason" to do so. *Id. at* ¶¶ 15-16. WobbleWorks admits it engaged with myFirst when it expanded into Europe in 2023, but limited its legal action to Germany, which used a far less rigid standard for a preliminary injunction than the *Winter* analysis employed in the 9th Circuit. *Id*.

In a patent infringement case, a sister court denied the plaintiff's motion for preliminary injunction after the court found that the plaintiff did not face irreparable injury without assessing the other *Winter* factors. *ZapIp LLC v. FlyDive Inc*., No. SACV1601607CJCJCGX, 2017 WL 8292394, at *4 (C.D. Cal. Oct. 19, 2017). The *ZapIP* court found that the most obvious indication that the plaintiff does not face irreparable injury is the plaintiff's delay in bringing a lawsuit to enforce its patent. *Id*. The *ZapIp* plaintiff waited 13 months to bring an infringement suit and 14 months before seeking injunctive relief. *Id*. at *5. The court concluded that "delay of this magnitude negates any claim of urgency" to justify the plaintiff's request for injunctive relief. *Id*.

Here, WobbleWorks waited seven years. Such a magnitude of delay surely negates any claim of urgency.

**2.** WobbleWorks' Alleges Purely Compensable Economic Damages

WobbleWorks claims it will suffer lost market share, reduced revenues, and "ecosystem effects." See Decl. Bogue ¶ 29 (i). Purely economic harms are not irreparable. Purely economic harm is generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation. *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015).

By WobbleWorks' own admission, its past decisions not to enforce its patents against Defendants were because the "resources and time that would have been required... far outweighed any perceived benefit." *Id. at* ¶¶ 15-16. This cost-benefit analysis clearly demonstrates that WobbleWorks views this dispute purely in monetary terms. The availability of adequate monetary damages belies a claim of irreparable injury.

**3.** WobbleWorks offers Only Conclusory of Reputational Harm

Courts in this district have found that a conclusory declaration from a plaintiff is insufficient evidence to prove irreparable injury and, applying the *Reebok* rationale, denied an injunction on this factor alone. For example, in a patent infringement in the Central District of California, the court found that the plaintiff had failed to prove irreparable injury because the only evidence the plaintiff points to for support is a declaration from its CEO. *Hoist Fitness Sytems, Inc. v. Tuffstuff Fitness Int'l, Inc.*, No. EDCV1701388ABKKX, 2017 WL 5640562, at *3 (C.D. Cal. Oct. 31, 2017). Here, WobbleWorks relies almost entirely on the self-serving declaration of its co-founder, Maxwell Bogue, who concludes:

> WobbleWorks. WobbleWorks had been, and was at the time, also selling 3D printing pens with the Claimed Features through Walmart and Macy's, such that MyFirst's Unlicensed 3D Printing Pens would have siphoned sales away from WobbleWorks 3D printing pens with the Claimed Features. [redacted]

*Id. at* ¶¶ 29 (e) – (i). In making this statement Mr. Bogue, arbitrarily uses the term "Claimed Feature," while at the same time admitting that he is not an expert on patent law:

[3] I am not an expert on patent law, and I recognize that each claim differs in scope from the other. I am not attempting to legally define the scope of any claim with this description. I am instead attempting to describe the invention at a high level, and I recognize that the scope of each individual claim will differ.

However, conclusory statements and theoretical arguments by a patentee, or mere conclusory affidavits, are insufficient to meet the standard for demonstrating a likelihood of irreparable harm. "A party seeking a preliminary injunction must establish that it is likely to suffer irreparable harm without an injunction." *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) (citing *Winter*, 555 U.S. at 22). This means "a likelihood of substantial and immediate irreparable injury." *Apple Inc. v. Samsung Elecs. Co.,* 695 F.3d 1370, 1373 (Fed. Cir. 2012). "The mere possibility or speculation of harm is insufficient." *Id*. Conclusory statements and theoretical arguments by a patentee, as is the case here, are insufficient to meet the standard. Instead, the patentee must support the claims of irreparable harm. *Tee Turtle, LLC*, 522 F. Supp. 3d at 723; see also, *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.,* 967 F.3d 1339, 1349 (Fed. Cir. 2020); and *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015)(Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation.)

Without concrete evidence, WobbleWorks' claims of reputational injury are entirely speculative. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

**B. WobbleWorks Is Not Likely to Succeed on the Merits**

To establish a likelihood of success on the merits, the patentee must show that it will likely prove infringement ***and*** will likely withstand any challenges to the patent's validity. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). An accused infringer "can defeat a showing of likelihood of success on the merits by demonstrating a substantial question of validity or infringement." *Treb-ro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1165 (Fed. Cir. 2014). Vulnerability is the issue at the preliminary injunction stage.

### *1. myFirst Raises a Substantial Question of Invalidity*

All of the Asserted Patents are vulnerable to invalidity challenges based on prior art and indefiniteness. Osswald Decl., ¶¶ 123-140. For example, all five Asserted Patents are anticipated by U.S. Patent No. 7,950,549, entitled "Powered Dispenser with Interchangeable Cartridges" and issued to Harris. *Id.*, ¶¶ 133-136. Four out of the five Asserted Patents, including the '444 Patent, are also rendered obvious by Harris in view of U.S. Patent No. 8,663,533, entitled "Method of Using Print Head Assembly in Fused Deposition Modeling System," issued to Swanson and assigned to Stratasys, Inc., a pioneer in 3D printing. *Id.*, ¶¶ 137-140. All the asserted claims are also invalid based on the indefiniteness of multiple claim terms. *Id.*, ¶¶ 123-132.

Moreover, in addition to the prior art identified by myFirst's expert, during previous litigation involving WobbleWorks, multiple prior art was identified, including the Di Miceli prior art reference (US 2010/0147465 A1), which discloses a hand-welding extruder that pulls a plastic strand, plasticizes it, and extrudes it through a nozzle. It was deemed significant enough to be explicitly cited in the background section of the granted EP '672 Patent. Other public prior art references regarding handheld extrusion devices, such as the "Plastruder MK4"[1] and the "Matt Wax Gun for Jewelry Design" has also been identified in related proceedings. The "Matt Wax Gun for Jewelry Design" was a 2011 video demonstrating this device working in the air to create 3D patterns was submitted directly against WobbleWorks' European patent application (EP 13861105.8, which issued as the EP '672 Patent) as part of "Third Party Observations" and an "Invalidation Notice."

Because these references disclose the core functionalities of the claimed 3D printing pens, they raise a substantial question of invalidity that WobbleWorks cannot casually dismiss. This is evidenced by WobbleWorks being forced to narrow the scope of its European patent (EP 2 928 672 B1) to preserve its validity. In the process, elements were added and removed, further undermining any parity between the European patent and the U.S. patents that WobbleWorks' expert opined on.

***2. myFirst Raises a Substantial Question of Non-Infringement***

MyFirst's expert, Dr. Osswald, has opined that multiple claim limitations from each asserted claim are not met by the two MyFirst products that Mr. Bressler accuses. *Osswald Decl.,* ¶¶ 108-121. For example, none of the accused products meet the limitation "permitting the user to draw in free space to form a three-dimensional object" or its variants, assuming this limitation were found not to be indefinite. *Id*., ¶¶ 115-118. Dr. Osswald explained that WobbleWorks' expert fails to show the claimed "draw in free space." *Id*., ¶¶ 117-118. When a strand is extruded vertically, as illustrated in the evidence Mr. Bressler relies on, the strand remains attached to the nozzle tip. *Id*., ¶¶ 117-120. Its temporary stability is governed by melt strength, as the material behaves as a viscoelastic fluid above its glass transition or crystallization temperature, rather than by the claimed "draw in free space." *Id.*

***3. WobbleWorks' Expert Lack the Requisite Substantive Foundation***

To bridge the gaps in its infringement analysis, WobbleWorks relies on the declaration of Peter Bressler. However, Mr. Bressler is a general industrial design consultant and lacks qualifications in polymer materials science, which is essential for determining invalidity and non-infringement. *Osswald Decl.,* ¶¶ 101-107. In a highly similar patent dispute in this Circuit, *Sport Dimension, Inc. v. The Coleman Company, Inc.,* the district court properly excluded Mr. Bressler's expert testimony entirely because, while he possessed general experience in industrial design, he had "no substantive experience in the narrower field" relevant to the specific product at issue. Bressler's admitted lack of expertise in this field. *Sport Dimension, Inc. v. Coleman Co., Inc.,* No. CV1400438BROMRWX, 2015 WL 12732710, at *7 (C.D. Cal. Jan. 29, 2015), aff'd, 820 F.3d 1316 (Fed. Cir. 2016). The exact same flaw exists here; Mr. Bressler lacks specialized, substantive expertise in the narrow field of 3D printing pens, rendering his analysis unpersuasive for the extraordinary relief sought. *Osswald Decl.,* ¶¶ 101-107.

Mr. Bressler's Declaration states:

20. In my opinion, every element of at least Claim 1 of each of the Asserted Patents can be found in each of the Guangzhou JER's JER LP06, Guangzhou JER's JER LP03 / MyFirst's 3d Pen Make, and Guangzhou JER's JER RP800A / MyFirst's 3d Pen Artist (collectively, the "Analyzed Defendant Pens"). Accordingly, it is my opinion that each of the Analyzed Defendant Pens infringe at least Claim 1 of each of the Asserted Patents.

22. Although I have extensive experience as an expert in patent matters, I am not an expert in patent law. Therefore, I have been advised by WobbleWorks' counsel of certain principles of patent law applicable in this action. I have applied these principles as appropriate in arriving at the opinions set forth herein. The paragraphs below summarize these legal principles, and my understanding of how these principles must be applied in forming my opinions.

23. I have been informed by counsel that WobbleWorks bears the burden of proving infringement of the Asserted Claims by a preponderance of the evidence. I understand this requires WobbleWorks to show infringement of the Asserted Claims is more likely than not.

69. For purposes of this declaration, I have prepared element-by-element claim charts for the Analyzed WobbleWorks Pens. Each chart identifies where and how each limitation of Claim 1 is satisfied, with citations to supporting technical evidence.

These statements are opinions, not adjudicated facts, and are insufficient without rigorous claim construction and evidentiary testing. WobbleWorks must withstand validity challenges, a factor absent from Mr. Bressler's opinions. Likelihood of success requires "the patentee ... must show that it will likely prove infringement, ***and*** that it will likely withstand challenges, if any, to the validity of the patent." ***Tinnus Enters., LLC v. Telebrands Corp.,*** 846 F.3d 1190, 1202 (Fed. Cir. 2017) (*quoting Titan Tire Corp. v. Case New Holland, Inc.,* 566 F.3d 1372, 1376 (Fed. Cir. 2009)))

### *4. Foreign Injunctions Are Not Determinative of U.S. Likelihood of Success.*

As a preliminary matter, U.S. courts recognize that foreign patents present "separate and independent rights" from U.S. patents, even when they cover precisely the same product, *Medtronic, Inc. v. Catalyst Research Corp*., 518 F.Supp. 946 (1981). To obtain a preliminary injunction in a U.S. patent case, "a patent holder must establish a likelihood of success on the merits both with respect to validity of its patent and with respect to infringement of its patent," *Hybritech Inc. v. Abbott Laboratories*, 849 F.2d 1446 (1988). Foreign injunctions cannot satisfy

this requirement because they involve different patents under different legal standards. As referenced above, WobbleWorks co-founder, Maxwell Bogue, defined "Claimed Features" based on his general understanding, not in the legal context of a specific patent. *Bogue Decl.* ¶ 16.

WobbleWorks' reliance on foreign injunctions does not support a likelihood of success on the merits for three independent reasons. First, the U.S. patents and the European patent, although in the same family, differ in scope and confer different rights. Second, based on Mr. Bogue's definition of Claimed Features, across multiple U.S. and foreign patents, there is no distinction between protectable aspects versus non-protectable elements. Third, the standards for obtaining a Preliminary Injunction in the U.S. Courts require a higher showing than in Germany, meaning they do not evidence likelihood of success in the U.S., only likelihood of success in Germany, using a different standard. *Microsoft Corp. v. Motorola, Inc.,* 696 F.3d 872 (9th Cir. 2012) (District Court barred Motorola from enforcing foreign judgment as the German standard was lower for the patent holder and threatened to sidestep the U.S. litigation.)

***5. EU Decision of December 2025.***

To obtain a preliminary injunction, a patentee must establish a likelihood of success on the merits, which requires a patentee to establish a likelihood of success on the merits, which requires showing both that it will likely prove infringement and that its claims will likely withstand any challenges to their validity. *Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1351 (Fed. Cir. 2007) (*citing Helifix Ltd. v. Blok-Lok, Ltd.,* 208 F.3d 1339, 1351 (Fed. Cir. 2000)). If the accused infringer raises a "substantial question" concerning validity—meaning they present an invalidity defense that the patentee cannot prove lacks substantial merit—a preliminary injunction is not appropriate. *Entegris*, 490 F.3d at 1351 (*quoting Genentech, Inc. v. Novo Nordisk*, 108 F.3d 1361, 1364 (Fed. Cir. 1997)). At the preliminary injunction stage, the standard is not whether the patent is invalid by "clear and convincing evidence," but rather, "vulnerability is the issue." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1359 (Fed. Cir. 2001).

WobbleWorks cannot establish a likelihood of success on the merits because WobbleWorks is unlikely to prove infringement, and the Asserted Patents are highly vulnerable to invalidity challenges as discussed above.

The Asserted Patents (U.S. Patent Nos. 9,731,444; 10,792,850; 11,446,852; 11,766,819; and 12,280,529) belong to the exact same patent family as WobbleWorks' European patent, EP 2 928 672 B1 (the "EP '672 Patent"). *Bogue Decl.* ¶ 16. During European opposition proceedings resulting in a December 2025 interlocutory decision, WobbleWorks was forced to drastically narrow the claims of the EP '672 Patent to maintain its novelty and inventive step (the European equivalent of non-obviousness).

To salvage the EP '672 Patent's novelty and inventive step over prior art, WobbleWorks was forced to inject highly specific structural limitations. Specifically, the European patent was narrowed to require a "mounting tube" that holds the extruder and guide tube in alignment, with an insulator explicitly placed over the mounting tube to prevent heat transfer. The U.S. Asserted Patents lack this strict limitation. The U.S. '444 Patent broadly claims an "extruder having a heating element (132) surrounded by an insulator," without dictating the highly specific "mounting tube" configuration deemed necessary to distinguish the invention from prior art in Europe. *Id*. at 42. WobbleWorks also broadened portions of the '872 by deleting dependent claims covering actuator mechanisms (such as buttons used to control the motor) and claims related to cooling ports and the fan assembly to avoid invalidity.

Because WobbleWorks was forced to abandon broad claims and add narrow structural limitations, such as the "mounting tube," to survive invalidity challenges involving the exact same patent family in Europe, the broader U.S. claims are undeniably vulnerable to the same attacks. Because Defendant has raised a substantial question regarding the validity of the Asserted Patents, WobbleWorks cannot demonstrate that it is likely to withstand these validity challenges at trial. Accordingly, WobbleWorks has failed to establish a likelihood of success on the merits, and the motion for a preliminary injunction must be denied.

### C. <u>The Balance of Equities and Public Interest Favors myFirst</u>

In exercising their sound discretion, courts of equity should pay particular regard to the public consequences in employing the extraordinary remedy of an injunction. *Winter*, 555 U.S. at 26 (2008). It is deeply inequitable to allow a patentee to sit on its rights for eight years and then suddenly seek to destroy a competitor's established market presence. WobbleWorks chose to allow

Defendants to operate for years without interference. Furthermore, the public interest favors competition and access to alternative products; it does not favor rewarding a plaintiff who uses the preliminary injunction process as a delayed tactical weapon.

## VI. CONCLUSION

WobbleWorks has failed to meet its heavy burden under the *Winter* factors. Its patents are highly vulnerable to invalidity and non-infringement challenges, and its staggering delay destroys any claim of irreparable harm. MyFirst respectfully requests that the Court deny the Motion for Preliminary Injunction.

## VII. PRAYER

1. MyFirst asks the Court to deny Plaintiff's Motion for Preliminary Injunction relating to the asserted patents;
2. In the event that the Court grants Plaintiff's Motion for Preliminary Injunction, the defendant asks that the Court require a Bond in the amount of $4,000,000.00 USD;
3. For other relief as the Court may consider.

*Respectfully submitted for the Court's Consideration.*

Date: March 23, 2026

DICKINSON WRIGHT RLLP

By: [signature]

Jennifer Towle
Lael D. Andara
*Attorneys for Defendant*
MYFIRST USA INC.