MORGAN, LEWIS & BOCKIUS LLP
Brent A. Hawkins (SBN 314266)
brent.hawkins@morganlewis.com
John F. Gaustad (SBN 279893)
john.gaustad@morganlewis.com
Brandon M. Pongracz (SBN 346664)
brandon.pongracz@morganlewis.com
600 Montgomery Street, Suite 2300
San Francisco, CA  94111-2725
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

Lisa R. Weddle (SBN 259050)
lisa.weddle@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

*Attorneys for Plaintiff*
*WobbleWorks, Inc.*

KILPATRICK TOWNSEND & STOCKTON LLP
Daniel E. Gaitan (Stater Bar #326413)
dgaitan@ktslaw.com
Marianthi M. Karas (State Bar #366805)
mkaras@ktslaw.com
1801 Century Park East
Los Angeles, CA 90067
Telephone:   (310) 310-7014
Facsimile:    (310) 734-1757

Tron Y. Fu (admitted *pro hac vice*)
tfu@ktslaw.com
500 West Madison Street, Suite 3700
Chicago, IL 60661
Telephone:   (312) 242-3307
Facsimile:    (312) 284-2059

*Attorneys for Defendant*
MYFIRST USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOBBLEWORKS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GUANGZHOU JER EDUCATION TECHNOLOGY (d/b/a JER; GUANGZHOU JER; JER EDUCATION TECHNOLOGY CO, LTD.; GUANGZHOU ELECTRONICS COL., LTD) and MYFIRST USA INC.,<br><br>Defendant. | Case No. 2:26-cv-01592 MEMF PVC(x)<br><br>**JOINT RULE 26(f) REPORT**<br><br>[Patent Action Worksheet; [Proposed] Protective Order; ESI Stipulation [lodged concurrently]]<br><br>**DATE:**       June 18, 2026<br><br>**TIME:**        10:00 a.m.<br><br>**JUDGE:**      HON. MAAME EWUSI MENSAH FRIMPONG<br><br>**COURTROOM:** 8B<br><br>**COMPL. FILED:** FEB. 16, 2026 |

## TABLE OF CONTENTS

I.      STATEMENT OF THE CASE ........................................................................ 1

II.     SUBJECT MATTER JURISDICTION ........................................................... 1

III.    LEGAL ISSUES ........................................................................................... 1

IV.     DAMAGES ................................................................................................... 2

V.      PARTIES AND EVIDENCE .......................................................................... 2

VI.     INSURANCE ................................................................................................. 3

VII.    MANUAL FOR COMPLEX LITIGATION ................................................... 4

VIII.   MOTIONS ..................................................................................................... 4

IX.     DISPOSITIVE MOTIONS ............................................................................. 4

X.      STATUS OF DISCOVERY ........................................................................... 4

XI.     DISCOVERY PLAN ...................................................................................... 4

        A.    Changes to the timing, form, or requirement for disclosures under Rule 26(a) ............................................................................................. 4

        B.    The subjects on which discovery may be needed ................................. 4

        C.    When discovery should be completed .................................................. 5

        D.    Whether discovery should be conducted in phases or be limited to or focused on particular issues ........................................................... 5

        E.    The disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced ............................................................................................. 5

        F.    Claims of privilege or of protection as trial-preparation materials..... 13

        G.    Changes requested to limitations on discovery................................... 14

        H.    Other issues ....................................................................................... 15

XII.    EXPERT DISCOVERY ............................................................................... 15

XIII.   SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR") ......................................................................... 16

XIV.    TRIAL ESTIMATE ..................................................................................... 16

XV.     TRIAL COUNSEL ...................................................................................... 16

XVI.    MAGISTRATE JUDGE .............................................................................. 16

XVII.   INDEPENDENT EXPERT OR MASTER ................................................... 17

XVIII.  SCHEDULE WORKSHEET ....................................................................... 17

XIX.    CLASS ACTIONS ....................................................................................... 17

XX.     ERISA CASES ............................................................................................ 17

XXI.    OTHER ISSUES .......................................................................................... 17

This Joint Rule 26(f) Report is submitted by Plaintiff WobbleWorks, Inc. ("WobbleWorks") and Defendant MyFirst USA Inc. ("MyFirst"). Service on Defendant Guangzhou JER Education Technology (d/b/a JER; Guangzhou JER; JER Education Technology Co, Ltd.; Guangzhou Electronics Col, Ltd) ("Guangzhou JER") has not yet been completed, although WobbleWorks is attempting to effect service via the Hague Convention. WobbleWorks is awaiting the Court to reissue a summons with a corrected address. *See* Dkt. No. 42.

## I.    STATEMENT OF THE CASE

This is a patent infringement case. WobbleWorks has accused Defendants of willfully infringing U.S. Patent Nos. 9,731,444, 10,792,850, 11,446,852, 11,766,819, and 12,280,529 ("Asserted Patents") under 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling within the United States and/or importing into the United States 3D printing pens ("Accused Products").

## II.    SUBJECT MATTER JURISDICTION

This action is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code ("U.S.C.") § 1 et seq., including 35 U.S.C. §§ 271 and 281–285. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

## III.    LEGAL ISSUES

The parties expect that this case will involve the following key issues. By identifying the following issues, the parties do not intend to limit them to issues separate from or otherwise devoid of factual issues:

- Direct infringement under 35 U.S.C. § 271(a) (including literal infringement and/or infringement under the doctrine of equivalents);
- Induced infringement under 35 U.S.C. § 271(b);
- Invalidity and unenforceability of the Asserted Patents;

- Damages, including treble damages for willful infringement, under 35 U.S.C. § 284;

- Attorneys' fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and/or the Court's inherent authority; and

- Injunctive relief under 35 U.S.C. § 283.

## IV. DAMAGES

The parties have not undertaken a computation of damages. WobbleWorks anticipates it will seek damages based on its lost profits but, in no event, will it seek nothing less than a reasonable royalty for infringing products made, used, sold, offered for sale in the United States or imported by Defendants into the United States. WobbleWorks also will seek enhanced damages under 35 U.S.C. § 284.

## V. PARTIES AND EVIDENCE

- **Plaintiff WobbleWorks**
  - Percipient Witnesses:
    - Maxwell Bogue
    - Peter Dilworth
    - Daniel Cowen
    - Lianne Portuondo Diaz
    - Mark Ivory
    - David Kwok
    - Kay Peralta
  - Key Documents:
    - Documents showing ownership of the Asserted Patents;
    - Documents showing the structure and operation of WobbleWorks' products that practice the Asserted Patents;
    - Documents showing the harm to WobbleWorks by Defendants' infringement of the Asserted Patents,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT RULE 26(f) REPORT                    - 2 -                    CASE NO.: 2:26-CV-01592-MEMF-PVC(X)

including documents related to (1) lost sales, (2) price erosion, (3) reasonable royalty, (4) loss of market share, (5) harm to reputation and business relationships, (6) harm to brand recognition, and (7) harm to ecosystem effects;

- Documents relating to conception and reduction to practice of the alleged inventions described in the Asserted Patents;

- Documents relating to the prosecution of the Asserted Patents;

- Documents related to any alleged knowledge of prior art to the Asserted Patents;

- Documents related to WobbleWorks' decision to file this action;

- Documents relating to WobbleWorks' belief that the Asserted Patent is valid in view of the prior art 3D printers; and

- Documents relating to WobbleWorks' belief that the Accused Products infringe any of the claims of the Asserted Patents.

- **Defendant MyFirst (appeared)**
  - Percipient Witnesses:
    - Yong Guan Jer
  - Key Documents:
    - Documents showing the structure and operation of the Accused Products;
    - Documents showing any alleged knowledge the Asserted Patents, including communications with Guangzhou JER;
    - Documents showing any alleged intent to infringe the

Asserted Patents, including communications with Guangzhou JER;

- Products WobbleWorks contends are covered by one or more claims of the Asserted Patents ("Practicing Products")

- Documents showing MyFirst's importation into and use, offers to sell, and sales of Accused Products, including documents related to (1) prices and (2) volumes of units; and

- MyFirst's communications and agreements with retailers and resellers in the United States.

- MyFirst's advertisements within the United States.

  o Third Party Prior Art Witnesses

- Documents related to any allegation that the Asserted Patents are invalid.

- **Defendant Guangzhou JER (not yet appeared)**

  o <u>Percipient Witnesses:</u>

- Justin Hu

  o <u>Key Documents:</u>

- Documents showing the structure and operation of the Accused Products;

- Documents showing Guangzhou JER's knowledge of and intent to infringe the Asserted Patents, including communications with Ditec Solucitons, LLC and MyFirst;

- Documents showing Guangzhou JER's importation into and use, offers to sell, and sales of Accused Products, including documents related to (1) prices and (2) volumes

of units; and

- Guangzhou JER's communications and agreements with retailers and resellers in the United States.
- Guangzhou JER's advertisements within the United States.

## VI.   INSURANCE

WobbleWorks is unaware of any insurance agreement related to this litigation under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, on its behalf. It is WobbleWorks' understanding that Guangzhou JER does have an insurance agreement related to this litigation under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, on its behalf.

MyFirst is not aware of any insurance coverage for the claims of this action.

## VII.   MANUAL FOR COMPLEX LITIGATION

The parties do not believe that the Manual for Complex Litigation is appropriate for this case.

## VIII.  MOTIONS

WobbleWorks believes there is a possibility it may seek to add additional claims and file amended pleadings.

## IX.   DISPOSITIVE MOTIONS

WobbleWorks anticipates filing a motion for summary judgment of infringement and/or no invalidity.

MyFirst has moved to dismiss WobbleWorks' complaint as the Asserted Patents are directed to patent ineligible subject matter under 35 U.S. Code § 101. Dkt. 48. MyFirst additionally anticipates filing a motion for summary judgment of non-infringement and invalidity.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT RULE 26(f) REPORT          - 5 -          CASE NO.: 2:26-CV-01592-MEMF-PVC(X)

## X.   STATUS OF DISCOVERY

WobbleWorks is ready to immediately proceed with discovery and does not anticipate any disputes at this time. WobbleWorks has already served its infringement contentions.

MyFirst: Plaintiff JER has yet to be served. As such, MyFirst believes discovery should not commence until JER has been properly served and has appeared in this action. Wobbleworks' unilateral decision to serve infringement contentions, without a court order or applicable schedule, does not create a reciprocal obligation on MyFirst to serve its responsive invalidity contentions within a time period that is less than half the time period contemplated by the Northern District of California Patent Local Rules.

## XI.   DISCOVERY PLAN

### A.   Changes to the timing, form, or requirement for disclosures under Rule 26(a)

WobbleWorks does not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a) at this time, beyond the deadlines proposed in the accompanying case schedule.

MyFirst does not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a) at this time.

### B.   The subjects on which discovery may be needed

Wobbleworks: (1) the structure and operation of WobbleWorks' products that practice the inventions claimed in the Asserted Patents, (2) the structure and operation of the Accused Products, (3) Defendants' knowledge of, and intent to infringe, the Asserted Patents, and (4) the harm to WobbleWorks by Defendants' infringement, including but not limited to the harm compensable by damages. WobbleWorks reserves the right to pursue discovery on other issues as permitted under the Federal Rules of Civil Procedure and the Court's Local Rules.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT RULE 26(f) REPORT                - 6 -                CASE NO.: 2:26-CV-01592-MEMF-PVC(X)

WobbleWorks may need to conduct third-party discovery, as necessary.

MyFirst:

1. All issues joined by the pleadings, by initial disclosures, and by subsequent discovery.

2. WobbleWorks' business organization and activities.

3. Any alleged Practicing Product.

4. The design, manufacture, sales, and marketing of any Practicing Product.

5. WobbleWorks' marking of any Practicing Product.

6. Conception and reduction to practice of the alleged inventions described in the Asserted Patents.

7. The scope and content of the prior art to the Asserted Patents.

8. WobbleWorks' knowledge of the prior art to the Asserted Patents.

9. The inventor(s) of the Asserted Patents and WobbleWorks' relationship therewith.

10. The prosecution of the applications leading to the issuance of the Asserted Patents.

11. Invalidity and non-infringement of the Asserted Patents.

12. Commercialization of the alleged inventions described in the Asserted Patents.

13. The amount of damages and/or harm WobbleWorks alleges to have suffered.

14. Licensing of the Asserted Patents.

15. Any objective evidence Plaintiffs contend is relevant to the alleged non-obviousness of any claim of the Asserted Patents.

16. Plaintiffs' claims and any defenses asserted in this action.

MyFirst reserves the right to pursue discovery on other issues as permitted

under the Federal Rules of Civil Procedure and the Court's Local Rules. MyFirst will also need to conduct third-party discovery, as necessary.

### C. When discovery should be completed

WobbleWorks:

WobbleWorks anticipates completing discovery by the deadlines proposed in the accompanying case schedule, including non-expert discovery on November 19, 2026, and expert discovery on January 13, 2027.

WobbleWorks served its infringement contentions on MyFirst on May 21, 2026. WobbleWorks respectfully requests that the Court adopt its proposed schedule "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1. The parties and Court can consider how best to integrate Guangzhou JER into the proceedings when it appears. WobbleWorks has made multiple requests with the Clerk of the Court asking the summons with a corrected address for Guangzhou JER to be reissued (*see* Dkts. 27 & 42), but a corrected summons has not yet issued.

MyFirst:

WobbleWorks has failed to serve Plaintiff JER. MyFirst cannot readily anticipate a non-expert or expert discovery deadline without adequate service on all parties. MyFirst, therefore, will seek to set a schedule for the completion of fact discovery and expert discovery, pre-trial motions, and trial after JER has appeared in this litigation. Wobbleworks' unilateral decision to serve infringement contentions, without a court order or applicable schedule, does not create a reciprocal obligation on MyFirst to serve its responsive invalidity contentions within a time period that is less than half the time period contemplated by the Northern District of California Patent Local Rules.

### D. Whether discovery should be conducted in phases or be limited to or focused on particular issues

As to the parties claims and defenses, the parties do not believe that discovery

should be conducted in phases, substantively limited, or otherwise substantively focused beyond the requirements imposed by Federal Rule of Civil Procedure 26(b)(1). WobbleWorks has proposed dates for infringement and invalidity contentions and *Markman* briefing in the attached proposed schedule based on the Court's Patent Action Worksheet. MyFirst contends the deadline for infringement and invalidity contentions should not begin until Plaintiff JER is served.

WobbleWorks believes attorneys' fees may be at issue in this case. WobbleWorks proposes phasing any discovery that would be limited to only the issue of attorneys' fees, with any such discovery taking place only after the Court determines a prevailing party in this action.

MyFirst further contends that discovery should be phased by fact discovery followed by expert discovery.

**E.    The disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The parties have attached a stipulation regarding the discovery of electronically stored information ("ESI").

**F.    Claims of privilege or of protection as trial-preparation materials**

The parties propose logging documents and ESI fully or partially withheld on the basis of any claim of privilege or work-product protection. The parties' proposals are as follows.

WobbleWorks:

WobbleWorks notes that MyFirst's proposal fails to meet the purpose of a privilege log: providing sufficient information to demonstrate that withheld materials are actually privileged. For example, the subject matter line of an email does not always accurately or fully describe the actual subject matter of the communication. Further, privilege logs should provide sufficient information about the role participants in a conversation to determine the validity of a privilege claim.

Additionally, allowing the top email of a string to control the information placed in a log may shield earlier emails in the string that were not actually privileged.

WobbleWorks proposes that privilege log(s) must provide the following information:

- the title and description of the document or ESI, including number of pages or Bates number range;

- the subject matter addressed in the document or ESI, provided at a high enough level so as to not reveal the specific subject matter to which privilege or work-product protection is claimed;

- the identity, employer, and position of its author(s), with any attorney author(s) indicated by an asterisk (*);

- the identities, employers, and positions of all addressees and recipients, with any attorney addressees or recipients identified by an asterisk (*);

- the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

- the specific basis or bases for the claim that the document or ESI is privileged and/or protected.

Unless otherwise ordered, communications involving litigation counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to timely furnish a privilege log may be deemed a waiver of the privilege or protection.

MyFirst:

Each party may opt at its own discretion to create privilege logs using one of the following methods.

- o **Automated Log.** An automated privilege log will be generated from the following metadata fields, to the extent they exist, as electronic metadata associated with the original electronic documents.
  - SUBJECT
  - FILE NAME

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- CUSTODIAN
- AUTHOR
- SENDER/FROM
- RECIPIENTS/TO
- CC
- BCC
- SENT DATE AND TIME
- RECEIVED DATE AND TIME
- FILE CREATED DATE AND TIME
- FILE LAST MODIFIED DATE AND TIME
- PRIVILEGE TYPE
- PRIVILEGE REASON (coded field)
- ATTORNEYS (other attorneys (and legal staff) involved in the communication not indicated in metadata)
- BEG BATES (for redacted documents)
- END BATES (for redacted documents)

- o With respect to the SUBJECT OR FILENAME fields, the producing party may substitute a description of the communication where the content of these fields may reveal privileged information, but must indicate that the fields have been revised.  The automated log should also include a field for PRIVILEGE REASON.  The automated log should also include a field for ATTORNEYS that lists other attorneys (and legal staff) involved in the communication not indicated in metadata, which may be an automated or coded (not automated) field. Should the receiving party in good faith have reason to believe a particular entry on the Automated Log does not reflect a privileged document, it may request a Standard Log for that entry, to be produced within two weeks of the request, or within such other reasonable time as the parties may agree or the Court may order.

- o **Automated Privilege Log Objections.** If a Receiving Party objects to the sufficiency of any entry or entries contained in an automated privilege log, the Receiving Party shall identify the challenged entry or

entries with reasonable particularity and meet and confer with the Producing Party regarding the objection. Following such meet and confer, the Producing Party shall provide a standard privilege log for the challenged entry or entries, to the extent reasonably necessary to assess the asserted claim of privilege or protection.

- o **Standard Log.** A standard privilege log will include these standard fields: author/sender/from; recipients/to; cc; bcc; custodian; date; privilege type; and a description sufficient to identify the subject of the document and the basis for the privilege assertion. The privilege log fields for email strings will contain the information from the top email in the email string. Parties shall also populate a field with all other attorneys (and legal staff) identified on the face of the document not already captured in the top email of the email string. Other attorneys (and legal staff) need only be identified for the email strings which are withheld as entirely privileged.

- o Litigation Documents. Documents dated after February 16, 2026 containing privileged and/or work product material relating to the lawsuit do not need to be logged.

## G.    Changes requested to limitations on discovery

The parties jointly request the following limitations on discovery, absent further leave of Court:

- Requests for admission shall proceed pursuant to Rule 36, subject to proportionality and any later Court order.

WobbleWorks further requests the following limitations on discovery, absent further leave of court. This is a relatively straightforward patent case with a small number of parties and readily understandable technology. Accordingly, further limiting depositions and interrogatories will help ensure the "just, speedy, and

inexpensive determination" of this action (Fed. R. Ci. Proc. 1), particularly when MyFirst cannot demonstrate any specific need for vast discovery. If a party intends to bring a witness to the United States to testify at trial, basic fairness requires making the witness available for deposition in the United States. And prohibiting discussions of the substance of a witness' testimony during deposition breaks will help prevent improper coaching.

- Rule 30 (depositions by oral examination)
  - Each side (Plaintiff on one side, Defendants on the other side) is limited to eight fact-witness depositions each, totaling no more than 40 hours on the record per side.
  - Any depositions specific to claim construction are limited to two hours on the record.
  - All expert depositions (except for any expert depositions specific to claim construction) are limited to seven hours on the record per report served by that expert.
  - To the extent any party intends to present testimony at trial from a witness who resides outside the United States, that party shall make the witness available for deposition within the United States.
  - Parties are prohibited from discussing the substance of a witness' testimony (including anticipated testimony) during deposition breaks All claims of privilege or work-product protection as to such discussions are waived.
- Rule 33 (interrogatories)
  - Each side (Plaintiff on one side, Defendants on the other side) is limited to 15 interrogatories.

MyFirst further requests the following limitations on discovery:

WobbleWorks has not explained why a deviation from the Federal Rules of Civil Procedure's rules on discovery limits is warranted in this case. MyFirst's proposals for discovery are in line with the limits set forth by the Federal Rules.

- Depositions shall be limited to ten (10) depositions per side, with each deposition limited to one day of seven (7) hours pursuant to Rule 30.

- Interrogatories shall be limited to twenty-five (25) interrogatories, including discrete subparts, pursuant to Rule 33.

- ESI discovery shall be proportional to the needs of the case and reasonably tailored to relevant custodians, date ranges, and search terms.

- The parties reserve the right to seek modification of these limits for good cause shown.

## H.    Other issues

The parties are not currently aware of any other discovery issues.

## XII.   EXPERT DISCOVERY

WobbleWorks anticipates making initial and rebuttal expert witness disclosures and completing expert discovery by the deadlines proposed in the accompanying case schedule, including:

Claim Construction:

- Description of any expert witness' proposed testimony: June 11, 2026

- Expert Disclosures: June 25, 2026

- Expert Discovery Cut-Off: July 2, 2026

Non-Claim Construction:

- Expert Disclosure (Initial): December 2, 2026

- Expert Disclosure (Rebuttal): December 23, 2026

- Expert Discovery Cut-Off: January 13, 2027

MyFirst:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT RULE 26(f) REPORT            - 14 -            CASE NO.: 2:26-CV-01592-MEMF-PVC(X)

WobbleWorks has failed to serve Plaintiff JER. The deadlines for expert discovery should be guided by the date JER is adequately served and has made an appearance.

## XIII. SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")

The parties do not believe that settlement is possible at this time and prefer to consider settlement conference / ADR options only after the close of fact and expert discovery.

## XIV. TRIAL ESTIMATE

The parties request a jury trial and anticipate that it will take five court days. The parties anticipate calling the following number of witnesses:

WobbleWorks: Eight witnesses

MyFirst: Eight witnesses

## XV. TRIAL COUNSEL

The following counsel will try the case:

WobbleWorks: Brent A. Hawkins, Morgan Lewis & Bockius LLP

MyFirst: Tron Fu, Kilpatrick Townsend & Stockton LLP

## XVI. MAGISTRATE JUDGE

The parties do not agree to try this case before a magistrate judge.

## XVII. INDEPENDENT EXPERT OR MASTER

The parties do not propose appointing a master or independent scientific expert.

## XVIII. SCHEDULE WORKSHEET

The parties have attached a proposal based on the Court's Patent Action Worksheet.

## XIX. CLASS ACTIONS

This is not a class action.

## XX.   ERISA CASES

This is not an ERISA case.

## XXI.  OTHER ISSUES

Although this case will involve foreign discovery, the parties currently anticipate that the proposals above in Section XI will adequately address any issues regarding foreign discovery and foreign law. MyFirst anticipates that one or more of its Chinese-speaking witnesses may require a court interpreter.

### A.   Proposed Protective Order

The parties have attached a proposed protective order. The parties have no outstanding disputes.

### B.   Proposed ESI Order

The parties have attached a proposed ESI order. The parties have two disputes, indicated by double brackets.

- **Phasing email production.**
  - WobbleWorks opposes MyFirst's proposal to phase email production until a later phase of the case. Email likely contains some of the most relevant material in this case, particularly for willfulness and damages.
  - MyFirst believes that phasing discovery to allow for the collection and production of non-email discovery first will allow the parties to narrow the issues for which email discovery remains necessary, while also refining the parties' proposed search terms and avoiding irrelevant or overly burdensome search terms.
- **Capping presumptively reasonable email requests to 1,000 hits or 2,500 unrelated email chains.**
  - WobbleWorks proposes that email search requests are presumptively reasonable if they return fewer than 2,500 unrelated email chains. Given Defendants' history and

manufacturer-reseller relationship, WobbleWorks anticipates voluminous relevant emails between Defendants. Viewing total hits, as opposed to unrelated email chains, will unduly limit WobbleWorks' ability to discover highly relevant email, as will a 1,000 hit presumptive limit.

- o <u>MyFirst</u> believes that a 1,000 hit presumptive limit will permit the parties to engage in fulsome email discovery while eliminating overly burdensome review and privilege logging. The defendants' history and the fact that there are "voluminous" emails merely reinforces the need for narrowly tailored search terms to avoid unduly burdening either party.

- **Permitting undisclosed AI use of protected information.**
  - o <u>WobbleWorks</u> proposes that the parties confer and agree before protected information is placed into any AI tools. Allowing parties to self-certify without disclosure and discussion of the AI tools they intend to use presents an unjustifiable risk to protected information.
  - o <u>MyFirst</u> believes that the parties' certifications that any use of AI tools adequately protects confidentiality is sufficient. Counsel for the parties are officers of the Court with an ethical duty not to reveal confidential information via public AI sources. Furthermore, a Protective Order already restricts the disclosure of all protected information in this case, including through unsecured AI systems. WobbleWork's proposal, which requires the parties to disclose "their planned protocol or workflow, including a defined process for validation" seeks attorney work

product, and is unnecessary in light of the provisions agreed to in the Protective Order.

### C.    Proposed Scheduling Order

The parties have attached a proposed scheduling order. The parties' disputes and positions are as follows.

#### 1.    WobbleWorks' Position

WobbleWorks served its infringement contentions on May 21, 2026. Accordingly, there is no reason to adopt MyFirst's opening proposal for a delayed schedule. MyFirst could identify no claim construction issues in opposing WobbleWorks' motion for a preliminary injunction or in its motion to dismiss. Accordingly, this case does not require a lengthy claim construction process.

As for MyFirst's backup proposal of staying this case until Guangzhou JER is served, this case should proceed to secure its "just, speedy, and inexpensive determination[.]" Fed. R. Civ. Proc. 1. MyFirst fails to demonstrate why a stay is needed, which is its burden. *See F19 Franchising, LLC v. Endo Fitness LI, LLC*, 2023 WL 11950694, at \*2 (C.D. Cal. Aug. 18, 2023) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). In fact, MyFirst cannot do so. None of the factors—(1) "'the possible damage which may result from the granting of a stay,'" (2) "'the hardship or inequity which a party may suffer in being required to go forward,'" and (3) "'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay'"— support staying this case for any period, much less an indefinite period of time. *Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). WobbleWorks' injuries from MyFirst's continued willful infringement of its patents are "not compensable solely in money damages" (*id.* at \*4), as WobbleWorks demonstrated in its pending motion for a preliminary injunction (*see* Dkt. 18, § IV.B). MyFirst cannot demonstrate any hardship or inequity that it would face if this case

proceeds, must less the "clear case" required under these circumstances. *Id.* ("[B]eing required to defend a lawsuit on its own is not considered a hardship under the second *Landis* factor." (quoting *Lockyer*, 398 F.3d at 1112)). And MyFirst cannot "show[] that pausing discovery will simplify the issues, proof, or questions of law in this case." *Id.*, at *6. This case deals with readily understandable technology and does not require source code or other detailed technical documents from the manufacturer. MyFirst likely has in its possession, custody, or control many of the documents relevant to this case, including documents related to damages and its (and even Guangzhou JER's) willful infringement.

WobbleWorks is prepared to promptly serve Guangzhou JER under the Hague Convention. WobbleWorks is awaiting the Court to act on its multiple requests to reissue a corrected summons. *See* Dkts. 27 & 42.

2.      MyFirst's Position

MyFirst is not seeking a stay pending service on Jer. To the contrary, MyFirst's position is that discovery between WobbleWorks and MyFirst can and should start immediately following the Rule 26(f) conference. However, basing deadlines for case-critical processes such as invalidity contentions, claim construction, expert discovery, and dispositive motion briefing—processes that Jer has a right to participate in—off of Jer's entry into the case will prevent a "do-over" when Jer is served. This will also eliminate the need for the Court to oversee two different schedules between the different defendants. WobbleWork's unsupported assertion, that this "case deals with readily understandable technology and does not require source code or other detailed technical documents from the manufacturer" does not justify excluding the very manufacturer that WobbleWork's named as a defendant from its right to participate in its own defense.

Even if the Court declines to base its Scheduling Order off WobbleWork's service of Jer, it should adopt a version of MyFirst's proposed alternative schedule,

which tracks much closer to the deadlines listed in the Northern District of California Patent Local Rules, as referenced in the Court's Schedule Worksheet. WobbleWorks' schedule does not. For example, WobbleWorks seeks to reduce claim construction from the 20 weeks set forth in the Northern District of California Patent Local Rules to the 11 weeks it proposes. Compare N.D. Cal. L.Rs. 4-1 – 4-6 with Plaintiff's proposed schedule of June 4, 2026 exchange of claim terms and August 20, 2026 claim construction hearing date. The fact that no claim construction issues were raised during the parties' briefing on the pleadings does not mean that there are no claim construction disputes necessary to resolve before determining infringement or invalidity. MyFirst anticipates raising several claim construction disputes after the review of WobbleWorks premature infringement contentions and the service of MyFirst's invalidity contentions. Further, Plaintiff offers no explanation for why its decision to unilaterally serve infringement contentions without a Court Order should reduce the time for MyFirst to serve its invalidity contentions from the 45 days set forth in the North District of California Patent Local Rules to 14 days[1]. Compare N.D. Cal. L.R. 3-3 with Plaintiff's proposed schedule of June 4, 2026 deadline for service of invalidity contentions. The Court's Order Setting Conferencing Schedule (Dkt. 50) ordered that if "Plaintiff has not already served the operative complaint on all Defendants, Plaintiff shall do so promptly and shall file proofs of service within three (3) days thereafter." Plaintiff has failed to do so. This case was filed on February 16, 2026. Dkt. 1. Plaintiff WobbleWorks Inc. ("WobbleWorks") has known at least from that date (but likely earlier) that Defendant Guangzhou Jer Education Technology ("Jer") is a Chinese company that can only be properly served through the Hague. Dkt. 1 at ¶ 3. WobbleWorks also alleges in its complaint that Jer is the manufacturer of the accused products. *Id.* at ¶ 9. Despite this, WobbleWorks waited until March 16, 2026 to request the Court issue summons to Jer. Dkt. 27. That request

---

[1] The deadline is also 12 days before the Scheduling Conference even takes place.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

was denied by the Court for procedural deficiencies (Dkt. 33), and WobbleWorks did not correct this deficiency until April 6, 2026. Dkt. 42. That request has not yet been granted by the Court, and Jer has not yet been served, nor is it known what efforts WobbleWorks has made to effect proper service on Jer. Despite these failures, WobbleWorks insists on a schedule that will reach several case-critical deadlines without one of the Defendants having been served, making an appearance in this case, retaining counsel, or having an opportunity to prepare its defense. In order to promote judicial economy and avoid the parties having to duplicate substantial work in this case, MyFirst's proposed schedule proceeds from the date on which Jer is properly served and can participate substantively in its own defense. *Baltas v. Maiga*, No. 3:20-cv-1177 (MPS), 2021 WL 2206966, at \*15 (D. Conn. June 1, 2021), *aff'd*, No. 22-2895-PR, 2024 WL 4474409 (2d Cir. Oct. 11, 2024) ("***As all Defendants have already been served***, the court instructs the parties to provide a proposed case management schedule within 21 days of this order's date of issuance." (emphasis added).

Dated:       May 27, 2026           Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


By */s/Brent A. Hawkins*

Brent A. Hawkins (SBN 314266)
brent.hawkins@morganlewis.com
John F. Gaustad (SBN 279893)
john.gaustad@morganlewis.com
Brandon M. Pongracz (SBN 346664)
brandon.pongracz@morganlewis.com
600 Montgomery Street, Suite 2300
San Francisco, CA  94111-2725
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Lisa R. Weddle (SBN 259050)
lisa.weddle@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

*Attorneys for Plaintiff WobbleWorks, Inc.*

Dated:       May 27, 2026           By */s/ Rishi Gupta (with permission)*

KILPATRICK TOWNSEND & STOCKTON LLP
Daniel E. Gaitan (Stater Bar #326413)
dgaitan@ktslaw.com
Marianthi M. Karas (State Bar #366805)
mkaras@ktslaw.com
1801 Century Park East
Los Angeles, CA 90067
Telephone:   (310) 310-7014
Facsimile:   (310) 734-1757

Tron Y. Fu (admitted *pro hac vice*)
tfu@ktslaw.com
500 West Madison Street, Suite 3700
Chicago, IL 60661
Telephone:   (312) 242-3307
Facsimile:   (312) 284-2059

*Attorneys for Defendant*
MYFIRST USA, INC.

## <u>Certification of Compliance with C.D. Cal. L.R. 5-4.3.4(a)(2)(i)</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that concurrence in the filing of the document has been obtained from each of the other signatories.

/s/ Brent A. Hawkins
Brent A. Hawkins
