KILPATRICK TOWNSEND & STOCKTON LLP
Tron Y. Fu (admitted *pro hac vice*)
tfu@ktslaw.com
Daniel Sui (admitted *pro hac vice)*
dsui@ktslaw.com
500 West Madison Street, Suite 3700
Chicago, IL 60661
Telephone: (312) 242-3307 / Facsimile: (312) 284-2059

Rishi Gupta (Stater Bar #313079)
rgupta@ktslaw.com
Marianthi M. Karas (State Bar #366805)
mkaras@ktslaw.com
1801 Century Park East
Los Angeles, CA 90067
Telephone: (310) 310-7014 / Facsimile: (310) 734-1757

Christopher P. Damitio (admitted *pro hac vice*)
cdamitio@ktslaw.com
1420 Fifth Avenue
Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600 / Facsimile: (206) 623-6793

*Attorneys for Defendant*
MYFIRST USA, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

WOBBLEWORKS, INC.,

Plaintiff,

v.

GUANGZHOU JER EDUCATION TECHNOLOGY (D/B/A JER; GUANGZHOU JER; JER EDUCATION TECHNOLOGY CO, LTD.; GUANGZHOU ELECTRONICS CO., LTD) AND MYFIRST USA INC.,

Defendants.

Case No. 2:26-cv-01592-MEMF-PVC

**DEFENDANT MYFIRST USA INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Complaint Filed: February 16, 2026

**INTRODUCTION**

Defendant MyFirst USA Inc. ("MyFirst" or "Defendant") hereby submits its Answer, Affirmative Defenses, and Counterclaims ("Answer") to Plaintiff WobbleWorks Inc.'s ("WobbleWorks" or "Plaintiff") Complaint for Patent Infringement. MyFirst denies each and every allegation averred in the Complaint that is not expressly admitted below. In each numbered paragraph below, MyFirst responds to the allegations in the corresponding numbered paragraphs of the Complaint. MyFirst repeats the headings set forth in the Complaint to simplify the comparison between the Complaint and this Answer. In so doing, MyFirst makes no admissions regarding the substance of any heading in the Complaint, and to the extent any particular heading can be construed as allegations MyFirst specifically denies such allegations. Further, MyFirst makes this Answer only on its behalf and not for Guangzhou JER. No response or allegation in the following answer, affirmative defenses, or counterclaims shall be construed to be on behalf of Guangzhou JER. Accordingly, MyFirst answers as follows:

**THE PARTIES**

1. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

2. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

3. Admitted.

**JURISDICTION AND VENUE**

4. MyFirst admits that WobbleWorks purports to state a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code ("U.S.C.") § 1 *et seq*., including 35 U.S.C. §§ 271 and 281–285. MyFirst further admits that the Court has exclusive subject matter jurisdiction over WobbleWorks' purported cause of action.

5. Admitted that MyFirst is incorporated in California and has its principal

place of business located within California and within the Central District of California. MyFirst admits, for the purpose of this action only, that this Court has personal jurisdiction over MyFirst.

6. Admitted that, for the purpose of this action only, this Court has personal jurisdiction over MyFirst.

7. Admitted that MyFirst operates the website https://us/myfirst/tech/. MyFirst denies all other remaining allegations in this paragraph.

8. Admitted that MyFirst is incorporated in California and has its principal place of business within the Central District of California. MyFirst admits, for the purpose of this action only, that venue is proper in this District. MyFirst denies all other remaining allegations in this paragraph.

9. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

10. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

11. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

12. MyFirst lacks the information necessary to admit or deny this allegation, and therefore denies it

## ADDITIONAL FACTUAL ALLEGATIONS

### The Asserted Patents

13. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

14. Admitted that United States Patent No. 9,731,444 is titled “Hand-Held Three-Dimensional Drawing Device” and lists an issuance date of August 15, 2017, on its face. Further admitted that Ex. A to WobbleWorks’ Complaint purports to be a copy of United States Patent No. 9,731,444. MyFirst denies all other remaining allegations in this paragraph.

15. Admitted that United States Patent No. 10,792,850 is titled "Hand-Held Three-Dimensional Drawing Device" and lists an issuance date of October 6, 2020, on its face. Further admitted that Ex. B to WobbleWorks' Complaint purports to be a copy of United States Patent No. 10,792,850. MyFirst denies all other remaining allegations in this paragraph.

16. Admitted that United States Patent No. 11,446,852 is titled "Hand-Held Three-Dimensional Drawing Device" and lists an issuance date of September 20, 2022, on its face. Further admitted that Ex. C to WobbleWorks' Complaint purports to be a copy of United States Patent No. 11,446,852. MyFirst denies all other remaining allegations in this paragraph.

17. Admitted that United States Patent No. 11,766,819 is titled "Hand-Held Three-Dimensional Drawing Device" and lists an issuance date of September 26, 2023, on its face. Further admitted that Ex. D to WobbleWorks' Complaint purports to be a copy of United States Patent No. 11,766,819. MyFirst denies all other remaining allegations in this paragraph.

18. Admitted that United States Patent No. 12,280,529 is titled "Hand-Held Three-Dimensional Drawing Device" and lists an issuance date of April 22, 2025, on its face. Further admitted that Ex. E to WobbleWorks' Complaint purports to be a copy of United States Patent No. 11,766,819. MyFirst denies all other remaining allegations in this paragraph.

19. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

20. The allegations contained in this paragraph are legal conclusions to which no response is required.

**WobbleWorks' Practicing Products**

21. Admitted that Exhibit I purports to be a user manual for a product sold by WobbleWorks. MyFirst lacks the information necessary to admit or deny all other remaining allegations in this paragraph and therefore denies them.

**Prior Proceedings Related to the Asserted Patents**

22. Admitted that the '444 Patent was subject to *inter partes* review before the United States Patent and Trademark Office's Patent Trial and Appeal Board. Admitted that Ex. K to WobbleWorks' Complaint purports to be a copy of the Decision Denying Institution of *Inter Partes* Review of the '444 Patent, and contains the quote "failed to demonstrate a reasonable likelihood that it would prevail in showing that at least one claim of the '444 patent is unpatentable. . ." MyFirst denies all other remaining allegations in this paragraph.

23. Admitted that Guangzhou JER is listed on the face of Exhibit L, which purports to be Petition for *Inter Partes* Review of United States Patent No. 9,731,444 Pursuant to 35 U.S.C. §§ 311-319, 37 C.F.R. § 42. MyFirst denies all other remaining allegations in this paragraph.

24. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

25. The allegations contained in this paragraph are legal conclusions to which no response is required.

26. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, MyFirst denies the allegations.

27. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

28. Admitted that MyFirst USA, Inc., is in a corporate family with MyFirst Asia Ptd. Ltd. MyFirst denies all other remaining allegations in this paragraph.

29. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

30. Admitted that MyFirst USA, Inc. offers to sell and sells 3D printing pens, including in the United States. MyFirst lacks the information necessary to admit or deny the remaining allegations and therefore denies them.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,731,444**

31. MyFirst incorporates the above paragraphs by reference.

32. Denied.

33. Denied.

34. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

35. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

36. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

37. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

38. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

39. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

40. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

41. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted that MyFirst displays images of its 3D pens on the website https://us.myfirst.tech/products/3d-pen-for-kids-3d-

printingpen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgGYXtIn4SrB_WfZzveUpcZIw3. MyFirst denies all other remaining allegations in this paragraph.

49. Denied.

50. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

51. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

52. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

53. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

54. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

55. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

56. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

57. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

58. Denied.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,792,850**

59. MyFirst incorporates the above paragraphs by reference.

60. Denied.

61. Denied.

62. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

63. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

64. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

65. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

66. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

67. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

68. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

69. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Admitted that MyFirst displays images of its 3D pens on the website https://us.myfirst.tech/products/3d-pen-for-kids-3d-printingpen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgGYXtIn4SrB_WfZzveUpcZIw3. MyFirst denies all other remaining allegations in this paragraph.

77. Denied.

78. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

79. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

80. Denied as to MyFirst. MyFirst does not represent the interests of and will

not respond on behalf of Guangzhou JER.

81. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

82. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

83. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

84. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

85. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

86. Denied.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,446,852**

87. MyFirst incorporates the above paragraphs by reference.

88. Denied.

89. Denied.

90. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

91. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

92. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

93. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

94. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

95. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

96. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

97. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Admitted that MyFirst displays images of its 3D pens on the website https://us.myfirst.tech/products/3d-pen-for-kids-3d-printingpen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgGYXtIn4SrB_WfZzveUpcZIw3. MyFirst denies all other remaining allegations in this paragraph.

105. Denied.

106. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

107. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

108. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

109. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

110. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

111. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

112. MyFirst lacks the information necessary to admit or deny this allegation

and therefore denies it.

113. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

114. Denied.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,766,819**

115. MyFirst incorporates the above paragraphs by reference.

116. Denied.

117. Denied.

118. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

119. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

120. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

121. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

122. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

123. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

124. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

125. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Admitted that MyFirst displays images of its 3D pens on the website https://us.myfirst.tech/products/3d-pen-for-kids-3d-printingpen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgGYXtIn4SrB_WfZzveUpcZIw3. MyFirst denies all other remaining allegations in this paragraph.

133. Denied.

134. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

135. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

136. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

137. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

138. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

139. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

140. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

141. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

142. Denied.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 12,280,529

143. MyFirst incorporates the above paragraphs by reference.

144. Denied.

145. Denied.

146. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

147. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

148. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

149. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

150. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

151. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

152. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

153. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Admitted that MyFirst displays images of its 3D pens on the website https://us.myfirst.tech/products/3d-pen-for-kids-3d-printingpen?srsltid=AfmBOopOy9nzs4hS_331pGumEg94WMgGYXtIn4SrB_WfZzveUpcZIw3. MyFirst denies all other remaining allegations in this paragraph.

161. Denied.

162. Denied as to MyFirst. MyFirst does not represent the interests of and will

not respond on behalf of Guangzhou JER.

163. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

164. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

165. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

166. Denied as to MyFirst. MyFirst does not represent the interests of and will not respond on behalf of Guangzhou JER.

167. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

168. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

169. MyFirst lacks the information necessary to admit or deny this allegation and therefore denies it.

170. Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

171. MyFirst denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## JURY DEMAND

172. MyFirst admits that Plaintiff requests a trial by jury.

## DEFENSES

In further response to the allegations set forth in Plaintiff's Complaint, and without taking on any burden that they would not otherwise have, MyFirst asserts the following defenses. MyFirst expressly reserves the right to supplement and amend its defenses as additional information is discovered and reviewed.

## FIRST AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

Defendant has not infringed and does not infringe—nor has it willfully

infringed—any valid and enforceable claim of the Asserted Patents, either directly or indirectly, and either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE: INVALIDITY**

Each of the asserted claims of the Asserted Patents is invalid or unenforceable for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. § 101 *et. seq*., including without limitation §§ 101, 102, 103, and 112, and/or under the judicially created doctrine of obviousness-type double patenting. Among other reasons for the Asserted Patents' invalidity:

A. The claims of the Asserted Patents are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to patent ineligible subject matter, and the claims do not claim significantly more than the ineligible subject matter;

B. The claims of the Asserted Patents are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art;

C. The claims of the Asserted Patents are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art;

D. The claims of the Asserted Patents are invalid and unenforceable are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

**THIRD AFFIRMATIVE DEFENSE:**

**PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

Plaintiff is estopped, by virtue of the cancellations, amendments, representations, and/or concessions made to the United States Patent and Trademark Office during the pendency of the applications for the Asserted Patents and/or during the pendency of related patents and patent applications, from construing any asserted claim to have been infringed by any of the Accused Instrumentalities, either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE:**

**LIMITATION ON DAMAGES**

Plaintiff's claims for relief are barred, at least on part, by one or more of 35 U.S.C. §§ 286 and/or 288.

**FIFTH AFFIRMATIVE DEFENSE:**

**MARKING**

To the extent that Plaintiff and/or any licensee of the Asserted Patents had an obligation and failed to mark products that fall within the claims of the Asserted Patents, Plaintiff's claims against Defendant would be barred, in whole or in part, in accordance with 35 U.S.C. § 287.

**SIXTH DEFENSE:**

**EQUITABLE DOCTRINES**

Plaintiff's claims of patent infringement are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands, and/or other equitable doctrines.

As one non-limiting example, Plaintiff's claims of patent infringement are barred, in whole or in part, by the equitable doctrine of equitable estoppel or other equitable doctrines because WobbleWorks has known about MyFirst, their products, and their allegedly infringing behavior for more than seven years and chose not to sue or otherwise enforce their patents. Dkt. 35.

**SEVENTH DEFENSE:**

**PATENT EXHAUSTION AND/OR LICENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of patent exhaustion, license, and/or the prohibition on double recovery.

**EIGHTH DEFENSE:**

**NOT AN EXCEPTIONAL CASE**

MyFirst has engaged in good faith in all activities accused of infringement in Plaintiff's Complaint, thereby precluding Plaintiff, even if it prevails, from recovering attorney fees and/or costs under 35 U.S.C. § 285.

**NINTH DEFENSE:**

**NO ENHANCED DAMAGES**

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiff has failed to show, and cannot show, that any infringement has been willful and/or egregious because MyFirst has not engaged in any conduct that meets the applicable standard for willful infringement.

**TENTH DEFENSE:**

**ADDITIONAL DEFENSES**

MyFirst reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may not exist or in the future be available based on discovery or further factual investigation in this case.

**COUNTERCLAIMS**

1. For its counterclaims against Counterclaim Defendant WobbleWorks ("Counterclaim Defendant"), Defendant and Counterclaim Plaintiff MyFirst avers as follows:

**NATURE OF THE COUNTERCLAIMS**

2. Pursuant to Federal Rule of Civil Procedure 13, MyFirst hereby asserts these counterclaims against Counterclaim Defendant and demands a jury trial on all issues triable as such.

3. In its Complaint, WobbleWorks accuses MyFirst of infringing U.S. Patent Nos. 9,731,444, 10,792,850, 11,446,852, 11,766,819, and 12,280,529 by making, using, offering for sale, selling, and/or and importing certain products

("Accused Products").

4. MyFirst denies that it has infringed the Asserted Patents and denies that the Asserted Patents are valid. Accordingly, an actual and justiciable controversy exists between Counterclaim Defendant and MyFirst regarding the alleged infringement and validity of the Asserted Patents.

5. MyFirst therefore brings these counterclaims under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to obtain a declaratory judgment that the asserted claims of the Asserted Patents are invalid and not infringed by MyFirst.

## THE PARTIES

6. MyFirst is a California corporation with a principal place of business at 168 North Mason Way #B1, City of Industry, California 91746.

7. Upon information and belief, WobbleWorks is a Delaware corporation with a principal place of business at 1209 Orange Street, Wilmington, Delaware 19801

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over these Counterclaims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; the patent laws of the United States, Title 35 of the U.S.C., for which jurisdiction is based on 28 U.S.C. §§ 1331, 1338(a), and 2201(a); as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Counterclaim Defendant has consented to the personal jurisdiction of this Court by filing its Complaint.

10. Venue over these counterclaims is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

**COUNTERCLAIM I:**

**DECLARATION OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 9,731,444**

11. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

12. WobbleWorks purports to be the owner and assignee of the ’444 Patent, with all rights to enforce the patent.

13. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’444 Patent.

14. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the ’444 Patent.

15. MyFirst has not infringed and does not infringe any valid and enforceable claim of the ’444 Patent; not each and every limitation of the ’444 Patent’s claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

16. As one, non-limiting example, the Accused Products do not infringe the ’444 Patent at least because they do not contain “a nozzle assembly disposed at the first end of the housing and at least partially within the housing … permitting the user to draw in free space to form a three-dimensional object.”

17. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM II:**

**DECLARATION OF INVALIDITY OF**

**U.S. PATENT NO. 9,731,444**

18. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

19. One or more claims of the ’444 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

20. Specifically, all of the limitations of the purported invention claimed in the ’444 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’444 Patent as well as other non-cited references and products) to the ’444 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’444 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’444 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

21. One or more claims of the ’444 Patent are also invalid under 35 U.S.C. § 112 at least because the ’444 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

22. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’444 Patent.

23. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’444 Patent are invalid.

24. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM III:**

**DECLARATION OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 10,792,850**

25. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

26. WobbleWorks purports to be the owner and assignee of the ’850 Patent, with all rights to enforce the patent.

27. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’850 Patent.

28. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the ’850 Patent.

29. MyFirst has not infringed and does not infringe any valid and enforceable claim of the ’850 Patent; it is not the case that the each and every limitation of the ’850 Patent’s claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

30. As one, non-limiting example, the Accused Products do not infringe the ’850 Patent at least because they do not contain “a nozzle assembly disposed at a distal end of the pen … to cause the strand to be extruded out of the exit nozzle in a solid form that retains its shape against gravity in free space to draw a 3D object.”

31. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM IV:**

**DECLARATION OF INVALIDITY OF**

**U.S. PATENT NO. 10,792,850**

32. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

33. One or more claims of the ’850 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

34. Specifically, all of the limitations of the purported invention claimed in the ’850 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’850 Patent as well as other non-cited references and products) to the ’850 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’850 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’850 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

35. One or more claims of the ’850 Patent are also invalid under 35 U.S.C. § 112 at least because the ’850 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

36. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’850 Patent.

37. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’850 Patent are invalid.

38. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM V:**

**DECLARATION OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 11,446,852**

39. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

40. WobbleWorks purports to be the owner and assignee of the '852 Patent, with all rights to enforce the patent.

41. Counterclaim Defendant has asserted that the Accused Products directly infringe the '852 Patent.

42. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the '852 Patent.

43. MyFirst has not infringed and does not infringe any valid and enforceable claim of the '852 Patent; not each and every limitation of the '852 Patent's claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

44. As one, non-limiting example, the Accused Products do not infringe the '852 Patent at least because they do not contain "a nozzle assembly coupled to the housing and comprising an exit nozzle … configured to permit the material to be extruded out of the exit nozzle for forming the 3D object."

45. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys' fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM VI:**

**DECLARATION OF INVALIDITY OF**

**U.S. PATENT NO. 11,446,852**

46. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

47. One or more claims of the ’852 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

48. Specifically, all of the limitations of the purported invention claimed in the ’852 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’852 Patent as well as other non-cited references and products) to the ’852 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’852 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’852 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

49. One or more claims of the ’852 Patent are also invalid under 35 U.S.C. § 112 at least because the ’852 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

50. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’852 Patent.

51. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’852 Patent are invalid.

52. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM VII:**

**DECLARATION OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 11,766,819**

53. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

54. WobbleWorks purports to be the owner and assignee of the ’819 Patent, with all rights to enforce the patent.

55. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’819 Patent.

56. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the ’819 Patent.

57. MyFirst has not infringed and does not infringe any valid and enforceable claim of the ’819 Patent; it is not the case that the each and every limitation of the ’819 Patent’s claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

58. As one, non-limiting example, the Accused Products do not infringe the ’819 Patent at least because they do not contain “a nozzle assembly disposed at a distal end of the housing that comprises an extruder and an exit nozzle… to cause the strand to be extruded out of the exit nozzle in a solid form that retains its shape against gravity in free space to draw a 3D object.”

59. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM VIII:**

**DECLARATION OF INVALIDITY OF**

**U.S. PATENT NO. 11,766,819**

60. MyFirst incorporates the preceding paragraphs by reference, as though

fully set forth herein.

61. One or more claims of the ’819 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

62. Specifically, all of the limitations of the purported invention claimed in the ’819 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’819 Patent as well as other non-cited references and products) to the ’819 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’819 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’819 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

63. One or more claims of the ’819 Patent are also invalid under 35 U.S.C. § 112 at least because the ’819 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

64. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’819 Patent.

65. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’819 Patent are invalid.

66. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM IX:**

**DECLARATION OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 12,280,529**

67. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

68. WobbleWorks purports to be the owner and assignee of the ’529 Patent, with all rights to enforce the patent.

69. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’529 Patent.

70. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the ’529 Patent.

71. MyFirst has not infringed and does not infringe any valid and enforceable claim of the ’529 Patent; not each and every limitation of the ’529 Patent’s claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

72. As one, non-limiting example, the Accused Products do not infringe the ’529 Patent at least because they do not contain “a nozzle assembly disposed at a distal end of the body and comprising an extruder and an exit nozzle… to cause the strand to be extruded out of the exit nozzle in a solid form that retains its shape against gravity in free space to draw a 3D object.”

73. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**COUNTERCLAIM X:**

**DECLARATION OF INVALIDITY OF**

**U.S. PATENT NO. 12,280,529**

74. MyFirst incorporates the preceding paragraphs by reference, as though

fully set forth herein.

75. One or more claims of the ’529 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

76. Specifically, all of the limitations of the purported invention claimed in the ’529 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’529 Patent as well as other non-cited references and products) to the ’529 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’529 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’529 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

77. One or more claims of the ’529 Patent are also invalid under 35 U.S.C. § 112 at least because the ’529 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

78. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’529 Patent.

79. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’529 Patent are invalid.

80. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

## PRAYER FOR RELIEF

81. MyFirst respectfully requests that the Court enter the following judgment and relief against WobbleWorks:

a. A declaration that MyFirst does not infringe the '444 Patent;

b. A declaration that the '444 Patent is invalid;

c. A declaration that MyFirst does not infringe the '850 Patent;

d. A declaration that the '850 Patent is invalid;

e. A declaration that MyFirst does not infringe the '852 Patent;

f. A declaration that the '852 Patent is invalid;

g. A declaration that MyFirst does not infringe the '819 Patent;

h. A declaration that the '819 Patent is invalid;

i. A declaration that MyFirst does not infringe the '529 Patent;

j. A declaration that the '529 Patent is invalid;

k. A declaration that WobbleWorks should take nothing from its Complaint;

l. Dismissal of all WobbleWorks' claims with prejudice;

m. A determination that this case is exceptional and that MyFirst should be awarded its costs and attorneys' fees incurred in this action; and

n. Further relief as the Court may deem just and proper.

## JURY DEMAND

MyFirst respectfully demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all claims and issues so triable.

DATED: June 23, 2026

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Rishi Gupta*
KILPATRICK TOWNSEND & STOCKTON LLP
Tron Y. Fu (admitted *pro hac vice*)
tfu@ktslaw.com
Daniel Sui (admitted *pro hac vice)*
dsui@ktslaw.com
500 West Madison Street, Suite 3700
Chicago, IL 60661
Telephone: (312) 242-3307
Facsimile: (312) 284-2059

Rishi Gupta (Stater Bar #313079)
rgupta@ktslaw.com
Marianthi M. Karas (State Bar #366805)
mkaras@ktslaw.com
1801 Century Park East
Los Angeles, CA 90067
Telephone: (310) 310-7014/ Facsimile: (310) 734-1757

Christopher P. Damitio (admitted *pro hac vice*)
cdamitio@ktslaw.com
1420 Fifth Avenue
Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600 / Facsimile: (206) 623-6793

*Attorneys for Defendant*
MYFIRST USA, INC.

Attorneys for Defendant, MYFIRST USA, INC.