MORGAN, LEWIS & BOCKIUS LLP
Brent A. Hawkins (SBN 314266)
brent.hawkins@morganlewis.com
John F. Gaustad (SBN 279893)
john.gaustad@morganlewis.com
Brandon M. Pongracz (SBN 346664)
brandon.pongracz@morganlewis.com
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Lisa R. Weddle (SBN 259050)
lisa.weddle@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

*Attorneys for Plaintiff*
*WobbleWorks, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WOBBLEWORKS, INC.,

Plaintiff,

vs.

GUANGZHOU JER EDUCATION TECHNOLOGY (d/b/a JER; GUANGZHOU JER; JER EDUCATION TECHNOLOGY CO, LTD.; GUANGZHOU ELECTRONICS COL., LTD) and MYFIRST USA INC.,

Defendants.

MYFIRST USA INC.,

Counterclaim Plaintiff,

vs.

WOBBLEWORKS, INC.,

Counterclaim Defendant.

Case No. 2:26-cv-01592 MEMF PVC(x)

**PLAINTIFF/COUNTERCLAIM DEFENDANT WOBBLEWORKS, INC.'S ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF MYFIRST USA INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant WobbleWorks, Inc. ("WobbleWorks"), by and through its attorney, answers the Counterclaims of Defendant and Counterclaim Plaintiff MyFirst USA Inc. ("MyFirst") as follows:

**RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING THE COUNTERCLAIMS**

1. For its counterclaims against Counterclaim Defendant WobbleWorks ("Counterclaim Defendant"), Defendant and Counterclaim Plaintiff MyFirst avers as follows:

**ANSWER:** Paragraph 1 is introductory in nature and states no factual allegations to which a response is required.

**RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING THE NATURE OF THE COUNTERCLAIMS**

2. Pursuant to Federal Rule of Civil Procedure 13, MyFirst hereby asserts these counterclaims against Counterclaim Defendant and demands a jury trial on all issues triable as such.

**ANSWER:** Paragraph 2 is introductory in nature and states no factual allegations to which a response is required.

3. In its Complaint, WobbleWorks accuses MyFirst of infringing U.S. Patent Nos. 9,731,444, 10,792,850, 11,446,852, 11,766,819, and 12,280,529 by making, using, offering for sale, selling, and/or and importing certain products ("Accused Products").

**ANSWER:** Admitted.

4. MyFirst denies that it has infringed the Asserted Patents and denies that the Asserted Patents are valid. Accordingly, an actual and justiciable controversy exists between Counterclaim Defendant and MyFirst regarding the alleged infringement and validity of the Asserted Patents.

**ANSWER:** WobbleWorks admits that an actual controversy exists between the parties regarding infringement and validity of the Asserted Patents. WobbleWorks denies the remaining allegations in Paragraph 4.

5. MyFirst therefore brings these counterclaims under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to obtain a declaratory judgment that the asserted claims of the Asserted Patents are invalid and not infringed by MyFirst.

**ANSWER:** Admitted that MyFirst purports to bring these counterclaims under the patent laws and the Declaratory Judgment Act seeking the relief described.

## RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING THE PARTIES

6. MyFirst is a California corporation with a principal place of business at 168 North Mason Way #B1, City of Industry, California 91746.

**ANSWER:** On information and belief, admitted.

7. Upon information and belief, WobbleWorks is a Delaware corporation with a principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:** Admitted.

## RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over these Counterclaims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; the patent laws of the United States, Title 35 of the U.S.C., for which jurisdiction is based on 28 U.S.C. §§ 1331, 1338(a), and 2201(a); as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**ANSWER:** The allegations of this paragraph relating to subject matter jurisdiction contain legal conclusions to which no response is required. To the extent

a further response is required, WobbleWorks states that it does not contest subject matter jurisdiction for purposes of the counterclaims currently alleged by MyFirst.

9. Counterclaim Defendant has consented to the personal jurisdiction of this Court by filing its Complaint.

**ANSWER:** The allegations of this paragraph relating to personal jurisdiction contain legal conclusions to which no response is required. To the extent a further response is required, WobbleWorks states that it does not contest personal jurisdiction for purposes of the counterclaims currently alleged by MyFirst.

10. Venue over these counterclaims is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

**ANSWER:** The allegations of this paragraph relating to venue contain legal conclusions to which no response is required. To the extent a further response is required, WobbleWorks states that it does not contest venue for purposes of the counterclaims currently alleged by MyFirst.

## RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING COUNTERCLAIM I: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,731,444

11. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 11 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

12. WobbleWorks purports to be the owner and assignee of the '444 Patent, with all rights to enforce the patent.

**ANSWER:** Admitted that WobbleWorks purports to be the owner and assignee of the '444 Patent. WobbleWorks further states that it is the owner and assignee of the '444 Patent, with all rights to enforce the patent.

13. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’444 Patent.

**ANSWER:** Admitted.

14. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the ’444 Patent.

**ANSWER:** Admitted.

15. MyFirst has not infringed and does not infringe any valid and enforceable claim of the ’444 Patent; not each and every limitation of the ’444 Patent’s claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

**ANSWER:** Denied.

16. As one, non-limiting example, the Accused Products do not infringe the ’444 Patent at least because they do not contain “a nozzle assembly disposed at the first end of the housing and at least partially within the housing … permitting the user to draw in free space to form a three-dimensional object.”

**ANSWER:** Denied.

17. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

## RESPONSES TO MYFIRST’S ALLEGATIONS REGARDING COUNTERCLAIM II: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,731,444

18. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 18 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

19. One or more claims of the ’444 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

**ANSWER:** Denied.

20. Specifically, all of the limitations of the purported invention claimed in the ’444 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’444 Patent as well as other non-cited references and products) to the ’444 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’444 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’444 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

**ANSWER:** Denied.

21. One or more claims of the ’444 Patent are also invalid under 35 U.S.C. § 112 at least because the ’444 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

**ANSWER:** Denied.

22. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’444 Patent.

**ANSWER:** Admitted.

23. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’444 Patent are invalid.

**ANSWER:** Denied.

24. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

## RESPONSES TO MYFIRST’S ALLEGATIONS REGARDING COUNTERCLAIM III: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,792,850

25. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 25 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

26. WobbleWorks purports to be the owner and assignee of the ’850 Patent, with all rights to enforce the patent.

**ANSWER:** Admitted that WobbleWorks purports to be the owner and assignee of the ’850 Patent. WobbleWorks further states that it is the owner and assignee of the ’850 Patent, with all rights to enforce the patent.

27. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’850 Patent.

**ANSWER:** Admitted.

28. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the ’850 Patent.

**ANSWER:** Admitted.

29. MyFirst has not infringed and does not infringe any valid and enforceable claim of the ’850 Patent; it is not the case that each and every limitation of the ’850 Patent’s claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

**ANSWER:** Denied.

30. As one, non-limiting example, the Accused Products do not infringe the ’850 Patent at least because they do not contain “a nozzle assembly disposed at a distal end of the pen … to cause the strand to be extruded out of the exit nozzle in a solid form that retains its shape against gravity in free space to draw a 3D object.”

**ANSWER:** Denied.

31. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

## RESPONSES TO MYFIRST’S ALLEGATIONS REGARDING COUNTERCLAIM IV: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,792,850

32. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 32 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

33. One or more claims of the ’850 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

**ANSWER:** Denied.

34. Specifically, all of the limitations of the purported invention claimed in the ’850 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’850 Patent as well as other non-cited references and products) to the ’850 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’850 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’850 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

**ANSWER:** Denied.

35. One or more claims of the ’850 Patent are also invalid under 35 U.S.C. § 112 at least because the ’850 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

**ANSWER:** Denied.

36. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’850 Patent.

**ANSWER:** Admitted.

37. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’850 Patent are invalid.

**ANSWER:** Denied.

38. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

**RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING COUNTERCLAIM V: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,446,852**

39. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 39 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

40. WobbleWorks purports to be the owner and assignee of the '852 Patent, with all rights to enforce the patent.

**ANSWER:** Admitted that WobbleWorks purports to be the owner and assignee of the '852 Patent. WobbleWorks further states that it is the owner and assignee of the '852 Patent, with all rights to enforce the patent.

41. Counterclaim Defendant has asserted that the Accused Products directly infringe the '852 Patent.

**ANSWER:** Admitted.

42. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the '852 Patent.

**ANSWER:** Admitted.

43. MyFirst has not infringed and does not infringe any valid and enforceable claim of the '852 Patent; it is not the case that each and every limitation of the '852 Patent's claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

**ANSWER:** Denied.

44. As one, non-limiting example, the Accused Products do not infringe the '852 Patent at least because they do not contain "a nozzle assembly coupled to

the housing and comprising an exit nozzle … configured to permit the material to be extruded out of the exit nozzle for forming the 3D object."

**ANSWER:** Denied.

45. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys' fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

**RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING COUNTERCLAIM VI: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 11,446,852**

46. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 46 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

47. One or more claims of the '852 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

**ANSWER:** Denied.

48. Specifically, all of the limitations of the purported invention claimed in the '852 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the '852 Patent as well as other non-cited references and products) to the '852 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the '852 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the '852

Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

**ANSWER:** Denied.

49. One or more claims of the ’852 Patent are also invalid under 35 U.S.C. § 112 at least because the ’852 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

**ANSWER:** Denied.

50. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’852 Patent.

**ANSWER:** Admitted.

51. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’852 Patent are invalid.

**ANSWER:** Denied.

52. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

**RESPONSES TO MYFIRST’S ALLEGATIONS REGARDING COUNTERCLAIM VII: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,766,819**

53. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 53 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

54. WobbleWorks purports to be the owner and assignee of the ’819 Patent, with all rights to enforce the patent.

**ANSWER:** Admitted that WobbleWorks purports to be the owner and assignee of the ’819 Patent. WobbleWorks further states that it is the owner and assignee of the ’819 Patent, with all rights to enforce the patent.

55. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’819 Patent.

**ANSWER:** Admitted.

56. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the ’819 Patent.

**ANSWER:** Admitted.

57. MyFirst has not infringed and does not infringe any valid and enforceable claim of the ’819 Patent; it is not the case that each and every limitation of the ’819 Patent’s claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

**ANSWER:** Denied.

58. As one, non-limiting example, the Accused Products do not infringe the ’819 Patent at least because they do not contain “a nozzle assembly disposed at a distal end of the housing that comprises an extruder and an exit nozzle… to cause the strand to be extruded out of the exit nozzle in a solid form that retains its shape against gravity in free space to draw a 3D object.”

**ANSWER:** Denied.

59. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

**RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING COUNTERCLAIM VIII: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 11,766,819**

60. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 60 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

61. One or more claims of the '819 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

**ANSWER:** Denied.

62. Specifically, all of the limitations of the purported invention claimed in the '819 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the '819 Patent as well as other non-cited references and products) to the '819 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the '819 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the '819 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

**ANSWER:** Denied.

63. One or more claims of the '819 Patent are also invalid under 35 U.S.C. § 112 at least because the '819 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art

to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

**ANSWER:** Denied.

64. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’819 Patent.

**ANSWER:** Admitted.

65. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’819 Patent are invalid.

**ANSWER:** Denied.

66. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys’ fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

**RESPONSES TO MYFIRST’S ALLEGATIONS REGARDING COUNTERCLAIM IX: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,280,529**

67. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 67 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

68. WobbleWorks purports to be the owner and assignee of the ’529 Patent, with all rights to enforce the patent.

**ANSWER:** Admitted that WobbleWorks purports to be the owner and assignee of the ’529 Patent. WobbleWorks further states that it is the owner and assignee of the ’529 Patent, with all rights to enforce the patent.

69. Counterclaim Defendant has asserted that the Accused Products directly infringe the ’529 Patent.

**ANSWER:** Admitted.

70. Counterclaim Defendant has also asserted that MyFirst induces others to infringe the Asserted Patents by encouraging others to use the Accused Products in ways that MyFirst knows infringes the '529 Patent.

**ANSWER:** Admitted.

71. MyFirst has not infringed and does not infringe any valid and enforceable claim of the '529 Patent; not each and every limitation of the '529 Patent's claims is present, either literally or under the doctrine of equivalents, in the Accused Products.

**ANSWER:** Denied.

72. As one, non-limiting example, the Accused Products do not infringe the '529 Patent at least because they do not contain "a nozzle assembly disposed at a distal end of the body and comprising an extruder and an exit nozzle… to cause the strand to be extruded out of the exit nozzle in a solid form that retains its shape against gravity in free space to draw a 3D object."

**ANSWER:** Denied.

73. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys' fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

## RESPONSES TO MYFIRST'S ALLEGATIONS REGARDING COUNTERCLAIM X: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 12,280,529

74. MyFirst incorporates the preceding paragraphs by reference, as though fully set forth herein.

**ANSWER:** Paragraph 74 contains no factual allegations to which a response is required. To the extent a response is deemed required, WobbleWorks incorporates its responses to the preceding paragraphs as though fully set forth herein.

75. One or more claims of the ’529 Patent are invalid and/or unenforceable because they fail to comply with the applicable requirements of the Patent Act, including, but without limitation, §§ 101, 102, 103 and/or 112, and for failure to comply with the statutes and regulations governing the application for and prosecution of patents.

**ANSWER:** Denied.

76. Specifically, all of the limitations of the purported invention claimed in the ’529 Patent are either explicitly or implicitly present in the prior art (including the referenced cited during prosecution of the ’529 Patent as well as other non-cited references and products) to the ’529 Patent and/or would have been obvious to a person skilled in the art in view of the prior art, so as to render at least the asserted claims of the ’529 Patent invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. As one non-limiting example, each of the claims of the ’529 Patent are anticipated and or rendered obvious by U.S. Patent No. 7,950,549 to Tami Lynn Harris, alone or in combination with U.S. Patent No. 8,663,533 to William J. Swanson et al.

**ANSWER:** Denied.

77. One or more claims of the ’529 Patent are also invalid under 35 U.S.C. § 112 at least because the ’529 Patent specification does not contain an adequate written description of the claimed invention, fails to enable person skilled in the art to make and use the claimed invention, and/or fails to particularly point out and distinctively claim the subject matter which the inventors regard as their invention.

**ANSWER:** Denied.

78. There is an actual and justiciable controversy between MyFirst and Counterclaim Defendant over the validity of the ’529 Patent.

**ANSWER:** Admitted.

79. MyFirst is therefore entitled to a declaratory judgment that the claims of the ’529 Patent are invalid.

**ANSWER:** Denied.

80. For the reasons alleged above, this case qualifies as an exceptional case under 35 U.S.C. § 285, entitling MyFirst to its attorneys' fees and costs incurred in seeking this declaratory relief.

**ANSWER:** Denied.

## RESPONSE TO MYFIRST'S PRAYER FOR RELIEF

81. MyFirst respectfully requests that the Court enter the following judgment and relief against WobbleWorks:

a. A declaration that MyFirst does not infringe the '444 Patent;

b. A declaration that the '444 Patent is invalid;

c. A declaration that MyFirst does not infringe the '850 Patent;

d. A declaration that the '850 Patent is invalid;

e. A declaration that MyFirst does not infringe the '852 Patent;

f. A declaration that the '852 Patent is invalid;

g. A declaration that MyFirst does not infringe the '819 Patent;

h. A declaration that the '819 Patent is invalid;

i. A declaration that MyFirst does not infringe the '529 Patent;

j. A declaration that the '529 Patent is invalid;

k. A declaration that WobbleWorks should take nothing from its Complaint;

l. Dismissal of all WobbleWorks' claims with prejudice;

m. A determination that this case is exceptional and that MyFirst should be awarded its costs and attorneys' fees incurred in this action; and

n. Further relief as the Court may deem just and proper.

**ANSWER:** WobbleWorks denies that MyFirst is entitled to the relief it requests or to any other relief.

## RESPONSE TO MYFIRST'S DEMAND FOR A JURY TRIAL

WobbleWorks admits that MyFirst has demanded a jury trial for all triable issues alleged in its counterclaims. WobbleWorks likewise demands a jury trial for all triable issues implicated by MyFirst's counterclaims.

## GENERAL DENIAL

Except as expressly admitted in the preceding paragraphs above, WobbleWorks denies each and every allegation of MyFirst's Counterclaims, including, without limitation, the headings and subheadings contained in the Counterclaims. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations contained in the Counterclaims to which no responsive pleading is required and allegations for which WobbleWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations shall be deemed denied. WobbleWorks expressly reserves the right to amend and/or supplement its answer.

Dated: July 14, 2026

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Brent A. Hawkins*

Brent A. Hawkins (SBN 314266)
brent.hawkins@morganlewis.com
John F. Gaustad (SBN 279893)
john.gaustad@morganlewis.com
Brandon M. Pongracz (SBN 346664)
brandon.pongracz@morganlewis.com
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Lisa R. Weddle (SBN2 59050)
lisa.weddle@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

*Attorneys for Plaintiff/Counterclaim Defendant WobbleWorks, Inc.*